# EXHIBIT "B"

AFN # 1883943 MULTI Recorded 09/04/2018 12:38 PM Page: 1 of 19 Filing Instrument $315.00 Matt Beaton, Auditor, Franklin County, WA. SIMPLIFILE

Return recorded document to
RABO AGRIFINANCE LLC
14767 N Outer 40 Rd , Suite 400
Chesterfield, MO 63017
Attn Closing Department

CHICAGO TITLE INSURANCE
62241801629

3E Properties/EFP MCA 2018

Real Estate Term Loan 3 22115475

Please print or type information WASHINGTON STATE RECORDER'S Cover Sheet    (RCW 65 04)

Document Title· MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

Reference Number(s) of Documents assigned or released    N/A

Grantor(s)  (Last name, first name, initials)

    3E Properties

Grantee  RABO AGRIFINANCE LLC, a Delaware limited liability company, as agent

Legal description (abbreviated· i e  lot, block, plat or section, township, range)

    Lots 1 and 2 Short Plat 98-09

    Additional legal is on page _____ of document

Assessor's Property Tax Parcel/Account Number·        ☐ Assessor Tax # not yet assigned

    121-231-032, 121-231-091

The Auditor/Recorder will rely on the information provided on the form  The staff will not read the document to verify the accuracy or completeness of the indexing information provided herein.

I am requesting an emergency nonstandard recording for an additional fee as provided in RCW 36 18 010  I understand that the recording processing requirements may cover up or otherwise obscure some part of the text of the original document

                         Signature of Requesting Party

Return recorded document to:
RABO AGRIFINANCE LLC
14767 N. Outer 40 Rd., Suite 400
Chesterfield, MO 63017
Attn: Closing Department

CHICAGO TITLE INSURANCE
622418016229

3E Properties/EFP MCA 2018

Real Estate Term Loan 3: 22115475

Please print or type information WASHINGTON STATE RECORDER'S Cover Sheet    (RCW 65.04)

Document Title: MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

Reference Number(s) of Documents assigned or released:  N/A

Grantor(s) (Last name, first name, initials)

   3E Properties

Grantee: RABO AGRIFINANCE LLC, a Delaware limited liability company, as agent

Legal description (abbreviated: i.e. lot, block, plat or section, township, range)

   Lots 1 and 2 Short Plat 98-09

   Additional legal is on page _____ of document.

Assessor's Property Tax Parcel/Account Number:          ☐ Assessor Tax # not yet assigned

   121-231-032, 121-231-091

The Auditor/Recorder will rely on the information provided on the form.  The staff will not read the document to verify the accuracy or completeness of the indexing information provided herein.

I am requesting an emergency nonstandard recording for an additional fee as provided in RCW 36.18.010.  I understand that the recording processing requirements may cover up or otherwise obscure some part of the text of the original document. 

_____
                                    Signature of Requesting Party

3E Properties/EFP MCA 2018

Real Estate Term Loan 3  22115475

## MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

(Franklin County, Washington)

NOTICE TO RECORDER  THIS DOCUMENT ALSO CONSTITUTES A FIXTURE FILING THAT SHALL HAVE AN EFFECTIVE PERIOD UNTIL THIS TRUST DEED IS RECONVEYED OR SATISFIED OF RECORD OR ITS EFFECTIVENESS OTHERWISE TERMINATES AS TO THE LAND

This mortgage ("Mortgage") is dated as of August 9, 2018  It is by 3E PROPERTIES, a Washington general partnership ("Grantor"), to and in favor of RABO AGRIFINANCE LLC, a Delaware limited liability company, as agent for itself and the other Secured Parties (defined herein) under the Collateral Agency Agreement (defined herein, and Rabo AgriFinance LLC, in that capacity, "Mortgagee")

RABO AGRIFINANCE LLC, a Delaware limited liability company, as Lender ("Lender") has agreed to make up to $850,000 00 in loans to Borrower (as defined in the Facility Sheet(s)) under the terms and conditions of the Master Credit Agreement between Grantor and Lender dated August 9, 2018, as may be amended, modified, replaced, or supplemented from time to time (the "MCA")  Each capitalized term used in this Mortgage that is defined in the MCA and not defined in this Mortgage will have the meaning specified in the MCA  This Mortgage will be interpreted in accordance with the Drafting Conventions

Grantor have or may also enter into certain derivatives transactions under Hedging Agreements with Swap Counterparties, under which Grantor has or may incur Hedging Obligations to Swap Counterparties

The Loan Obligations (defined in the MCA) may be, from time to time, guaranteed by Guarantor under the terms and conditions of one or more guaranties in favor of Collateral Agent  The Hedging Obligations are guaranteed by Guarantor under the terms and conditions of the Hedging Agreements and/or a separate guaranty of the Hedging Obligations (the MCA, the Guaranty, and the Hedging Agreements and any separate guaranty of the Hedging Obligations are herein sometimes individually and collectively referred to as the "Debt Instrument")

Non-Obligor(s) have an economic interest in Borrower or will obtain some other material financial benefit as a result of Secured Parties' entering into the Secured Obligation Documents (defined herein)  Secured Parties require that Non-Obligor execute this agreement as a condition of the Secured Obligation Documents

TO SECURE repayment of the indebtedness evidenced by the Note (defined herein) and payment and performance of all other Secured Obligations (defined herein), Grantor irrevocably and unconditionally grants, bargains, sells, and conveys to Mortgagee, WITH POWER OF SALE wherever located, whether now owned or hereafter acquired or arising, and except as indicated, whether constituting real estate or personal property (collectively, the "Property")  (a) the real estate and any interest in the real estate located in Franklin County, Washington, and described in EXHIBIT A (the "Land"), (b) all buildings, structures, improvements, fixtures, attachments, appliances, equipment, machinery and other articles now or hereafter erected on, affixed or attached to, or located in or on the Land, including all wells, watering and irrigation apparatus, pumps, motors, generators, pipes, center pivot irrigators and sprinklers, windmills, and fences (the "Improvements"), (c) all easements, rights-of-way and rights appurtenant to the Land or used in connection with the Land or as a means of access thereto, (d) the ground water on, under, pumped from or otherwise available to the Property for any drainage, retention, ditch, canal, reservoir, or other water rights, whether as a result of overlying groundwater rights, contractual rights, or otherwise and whether riparian, appropriative, or otherwise, the right to remove or extract any such ground water including any permits, rights or licenses granted by any Governmental Authority and any rights granted or created by any easement, covenant, agreement or contract with any Person, and any rights to which the Property or Grantor is entitled with respect to surface water, whether such rights are appropriative, riparian, prescriptive or otherwise and whether or not pursuant to historical use, contractual agreement, permit or other governmental authorization, any water right, water allocation for water not yet delivered, distribution right, delivery right, any proscriptive, contractual, easement or other rights necessary or convenient to convey any water to the Property, water storage right, or other water-related entitlement appurtenant to or otherwise applicable to the Property by virtue of the Property being situated within the boundaries of any governmental water district irrigation district or other local agency or within the boundaries

026

of any private water company, mutual water company, or other non-governmental entity (collectively, "Water Rights"), (e) all other tenements, hereditaments and appurtenances to the Land; (f) minerals, oil, gas, coal, metallic ores, other minerals and any other hydrocarbon substances, minerals, mineral interests, royalties, overriding royalties, production payments, net profit interests and other interests and other interests and estates in, under and on the Land and other oil, gas, coal, metallic ores and any other mineral interests with which any of the foregoing interests or estates are pooled or unitized, including surface damage awards or settlements (the "Mineral Rights"), (g) timber now or hereafter standing or cut, (h) Leases, subleases, licenses, occupancy agreements, concessions and other agreements, granting a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Property (collectively, the "Leases") including the Leases described in EXHIBIT B, (i) all utility contracts, maintenance agreements, management agreements, service contracts and other agreements directly related to the operation and maintenance of the Property, (j) all bushes, groves, trees, plants, vines or other plantings, upon or under the Land ("Plantings"), (k) working drawings, instructional manuals, and rights in processes directly related to the operation of the Property, (l) other tangible personal property of every kind and description, whether stored on the Land or elsewhere, including all goods, materials, supplies, tools, books, records, chattels, furniture, machinery and equipment (except motor vehicles, trailers, and Planting, tillage and harvesting equipment rolling stock) or which is in all cases (i) directly related to the operation of the Property or acquired in connection with any construction or maintenance of the Land or the Improvements or (ii) affixed or installed, or to be affixed or installed, in any manner on the Land or the Improvements or, (iii) described on EXHIBIT B, (m) all permits and licenses relating or pertaining to the use or enjoyment of the Property, (n) proceeds of and any unearned premiums on any insurance policies covering the Property, including the right to receive and apply the proceeds of any insurance, Judgments, or settlements made in lieu thereof, for damage to the Property (the "Insurance Claims"), (o) all awards made for the taking by condemnation or the power of eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the Real Estate (the "Condemnation Awards"), (p) money or other personal property of Grantor in addition to the foregoing deposited with or otherwise in Mortgagee's or Secured Parties' possession, (q) rights and interests under the Hedging Agreements, including all rights to the payment of money from Secured Parties under the Hedging Agreements, and all accounts, deposit accounts, and general intangibles, including payment intangibles, described in any of the Hedging Agreements, (r) the right, in the name and on behalf of Grantor, upon notice to Grantor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Mortgagee or Secured Parties in the Property, and (s) substitutions, replacements, additions, accessions and proceeds for or to any of the foregoing, and all books, records and files relating to any of the foregoing, including, without limitation, computer readable memory and data and any computer software or hardware reasonably necessary to access and process such memory and data

    1.    **Secured Obligations.** Grantor makes the grant, conveyance, transfer and assignment above, makes the irrevocable and absolute assignment in Section 4, and grants the security interest under Section 5, to secure payment and performance of the following obligations (the "Secured Obligations") in any order of priority that Mortgagee may choose (a) all Obligations (defined in the MCA), under one or more Facility Sheets(s) from time to time where Grantor is designated from time to time as Borrower, Guarantor or Non-Borrower, including (i) the Real Estate Term Loan 3 Note dated as of the date of this Mortgage, from Grantor to Lender in the original principal amount of $850,000 00 (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "Note"), (ii) all Hedging Obligations; and (iii) all other indebtedness, liabilities and obligations of Grantor to Lender and the Swap Counterparties arising pursuant to any of the Transaction Documents, whether now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several, (b) all obligations of Grantor under this Mortgage; (c) all obligations of Grantor to Lender, Cooperatieve Rabobank U A , (trading as Rabobank), a foreign banking organization organized as a cooperative bank under the laws of The Netherlands ("Rabobank"), and/or Rabobank, N A , a national banking association ("RNA"), or any other Affiliate of Lender (Lender, Rabobank and RNA, and any other Affiliate of Lender are herein individually and collectively, "Secured Parties"), whether now existing or hereafter incurred or created, whether voluntary or involuntary, whether obligatory or non-obligatory, whether due or not due, whether absolute or contingent, or whether incurred directly or acquired by assignment or otherwise, under the terms and conditions of any other written instrument or agreement executed by Grantor and which specifically recites that those obligations are secured by this Mortgage, and (d) any of the foregoing that arises after the filing of a petition by or against Grantor under an Insolvency Proceeding. All Persons who have or acquire an interest in the Property will be deemed to have received notice of, and will be bound by, the terms of the MCA, the other Transaction Documents, and each other agreement or instrument made or entered into in connection with each of the Secured Obligations (the Transaction Documents and those other agreements or instruments, the "Secured Obligation Documents") These terms include any provisions in the Secured Obligation Documents which permit borrowing, repayment and reborrowing, or which provide that the

rate of interest on one or more of the Secured Obligations may vary from time to time. This Mortgage does not secure any obligation which is unsecured pursuant to the express terms of the MCA or any other document, agreement or instrument. Without limitation of the foregoing, this Mortgage does not secure the indebtedness, liabilities and obligations of Guarantor as guarantor under the terms and conditions of the Guaranty or any other guaranty given by Guarantor to secure the Hedging Obligations.

2.    **Future Secured Obligations.** The Secured Obligations include future advances made by Mortgagee or Secured Parties, at their option, and for any purpose, and all other future Secured Obligations. Those future advances and other future Secured Obligations are secured to the same extent as if made or incurred on the date of the execution of this Mortgage, and have priority as to third Persons with or without actual notice from the time this Mortgage is filed for record as provided by law. The total amount of indebtedness secured by this Mortgage may decrease or increase from time to time. The unpaid balance of any Revolving Line of Credit or Hedging Obligations secured by this Mortgage may at certain times be zero. This Mortgage will remain in full force and effect notwithstanding any zero balance. Grantor shall not file for record any notice limiting the maximum amount secured by this Mortgage (a "Maximum Amount Notice"). A Maximum Amount Notice will be an Event of Default (defined herein). Nothing in this Section 2 will constitute a commitment to make additional or future advances which are not specified by the other terms of the MCA or enter into future derivatives transactions in any amount.

3.    **Note Maturity Date.** The latest date on which any Note matures is October 1, 2025.

4.    **Assignment.** Grantor irrevocably and unconditionally assigns to Mortgagee and grants Mortgagee a security interest in, the Leases, all rents and other benefits derived from the Leases, and all other issues, profits, royalties, bonuses, income and other benefits derived from or produced by the Real Estate, including but not limited to, any monies, proceeds, damages, judgments or payments in lieu thereof, received by or due to Grantor occasioned by any mineral or geothermal exploration, wind energy or drilling activity on or under the Real Estate, all prepaid rents, security deposits and other supporting obligations (the "Rents"). Mortgagee may collect Rents with or without taking possession of the Property. Mortgagee confers upon Grantor a license to collect and retain the Rents as they become due and payable, so long as there is no Event of Default (the "License"). If an Event of Default has occurred, Mortgagee may terminate the License without notice to or demand upon Grantor. Mortgagee, by its acceptance of this Mortgage does not assume any duty or obligation under the Leases. The acceptance by Mortgagee of the assignment of Leases and Rents and profits with all the rights, powers, privileges and authority so granted will not obligate Mortgagee to assume any obligations in respect of the Leases and Rents and profits or under the Leases, or take any action thereunder or to expend any money or incur any expense or perform or discharge any obligation, duty or liability in respect of the Leases and Rents and profits or under the Leases or to assume any obligation or responsibility for the nonperformance of the provisions thereof by Grantor.

5.    **Grant of Security Interest.** This Mortgage is a security agreement under the Uniform Commercial Code in effect in the State of Washington (the "UCC"), and Grantor grants Mortgagee a security interest in and pledges and assigns to Mortgagee all of Grantor's right, title and interest in the Property, to the extent characterized as personal property (the "Personalty"). The address of Grantor adjacent to its signature below is the mailing address of Grantor as debtor under the UCC. The address for Mortgagee specified in Section 24 is the address for Mortgagee as secured party under the UCC. As used in this Mortgage, the term "lien" is synonymous with the term "lien and security interest."

6.    **Warranty of Title.** Grantor represents and warrants that Grantor lawfully possesses and holds fee simple title to all of the Land and the Improvements, that Grantor has the right, power and authority to mortgage, grant, convey and assign the Property, and that the Property is unencumbered. Grantor covenants that Grantor will warrant and defend generally the title to, and ownership and possession of, the Property against all claims and demands. Grantor especially agrees and declares that the separate estate of each of them, whether vested, contingent or in expectancy, is hereby conveyed and shall be bound for the payment and performance of the Secured Obligations.

7.    **Additional Representations.** Grantor represents to Mortgagee and Secured Parties that  (a) the Property does not represent the proceeds of unlawful activity under any state, federal or foreign law; (b) the Property includes all property and rights which may be reasonably necessary or desirable to enable Grantor to use, enjoy and operate the Land and the Improvements for the present uses thereof; (c) none of the Land or Improvements is subject to any Lien, offset or claim; (d) Grantor owns the Personalty free and clear of any security interests, reservations of title or conditional sales contracts, and there is no presently valid financing statement affecting the Personalty on file in any public office; (e) Grantor has title to, or (in the case of leased property) valid leasehold interests in, all of their properties and assets, real and personal, including the properties

and assets and leasehold interests reflected in the Financial Information (other than any properties or assets disposed of in the ordinary course of business), (f) the legal name of Grantor is as appears in the first paragraph of this agreement, (g) Grantor has not used any trade name, assumed name or other name except Grantor's name stated in the first paragraph of this agreement, (h) 3E Properties, each has its place of business, or its chief executive office, if it has more than one place of business, is located at the address adjacent to its signature below, (i) if Grantor is anything other than a natural Person, it has complied with all Applicable Laws concerning its organization, existence and the transaction of its business, and is in existence and good standing in its state of organization and each state in which it conducts its business; (j) the execution, delivery and performance by Grantor of this Mortgage is within the powers and authority of Grantor and has been duly authorized, (k) to Grantor's knowledge, this Mortgage does not conflict with any Applicable Law, (l) this Mortgage is a legal, valid and binding agreement of Grantor, enforceable against Grantor in accordance with its terms, and any instrument or agreement required hereunder, when executed and delivered, will be similarly legal, valid, binding and enforceable; (m) there has been no Material Adverse Effect as to Grantor since the effective date the Financial Information was provided to Mortgagee or Secured Parties, (n) there is no lawsuit, tax claim or other dispute pending or to Grantor's knowledge threatened against Grantor or the Property that, if determined adverse to Grantor, is reasonably likely to have a Material Adverse Effect, (o) Grantor is not the subject of any Judgment, (p) this Mortgage does not conflict with, nor is Grantor in default on any credit agreement, indenture, purchase agreement, guaranty, capital lease, or other investment, agreement, or arrangement presently in effect providing for or relating to extensions of credit in respect of which Grantor is in any manner directly or contingently obligated, (q) Grantor has filed all tax returns (federal, state, and local) required to be filed and has paid all taxes, assessments, and governmental charges and levies thereon, including interest and penalties, (r) Grantor has complied with all current and future laws, regulations and ordinances or other requirements of any Governmental Authority relating to or imposing liability or standards of conduct concerning protection of health or the environment or Hazardous Substances ("Environmental Laws"), (s) Grantor has not received any notices of violations of any Applicable Laws; and Grantor is in compliance with all Applicable Laws, (t) there are no claims, actions, proceedings or investigations pending or threatened against Grantor or affecting the Property with respect to any violations of Applicable Laws, (u) Grantor's place of business, or its chief executive office, if it has more than one place of business, is located at the address specified below, and (v) unless otherwise disclosed to Mortgagee, Grantor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code of 1986; and there is no Event of Default or event which, with notice or lapse of time would be an Event of Default

       8.      <u>Information Accurate and Complete.</u>  All financial statements and other reports, documents, instruments, information and forms of evidence which have been delivered to Mortgagee or Secured Parties concerning Grantor, or the Property (the financial and other information supplied or to be supplied to Mortgagee or Secured Parties in connection with this Mortgage is herein referred to as the "<u>Financial Information</u>"), are accurate, correct and sufficiently complete in all material respects to provide Mortgagee and Secured Parties true and accurate knowledge of their subject matter, including, without limitation, all material contingent liabilities  Grantor's submission of any Financial Information or other report, record or information pertaining to the condition or operations, financial or otherwise, of Grantor, from time to time, whether or not required under this Mortgage, will be deemed accompanied by a representation by Grantor that the Financial Information or other report, record or information is complete and accurate in all material respects as to the condition or operations of Grantor (and, if applicable, Grantor's Subsidiaries, Affiliates, partners, shareholders, members, or other principals), including, without limitation, all material contingent liabilities and Grantor's business or organizational structure

       9.      <u>Performance of Secured Obligations</u>  Grantor shall promptly pay and perform each Secured Obligation in accordance with its terms

       10.     <u>Maintenance and Preservation of Property.</u>  Grantor shall  (a) immediately discharge any Lien on the Property which Mortgagee has not consented to in writing, and shall also pay when due each obligation secured by or reducible to a Lien which now or hereafter encumbers or appears to encumber all or part of the Property, whether the Lien is or would be senior or subordinate to this Mortgage, (b) not alter, remove or demolish any portion of the Improvements, except as permitted or required by the MCA, (c) maintain (or cause to be maintained) all policies of insurance required under the MCA and pay (or cause payment of) all premiums for that insurance on or prior to the date when due, (d) promptly and completely repair and/or restore any portion of the Property which becomes damaged or destroyed, in a good and workmanlike manner in accordance with sound building practices, whether or not Grantor has received the proceeds of any Insurance Claim, (e) not commit or allow any waste of the Property, nor do or suffer to be done any act whereby the value of any part of the Property may be lessened, (f) not initiate or allow any change in any zoning or other land use classification which affects the Property or any part of it, except

as permitted or required by the MCA, (g) if the Land is agricultural, keep the Property in good condition and repair, operate the Property, whether improved pastures, orchards, grazing, timber, or crop lands, in a good and husbandman like manner in accordance with accepted principles of sound agricultural and forestry practices, take all reasonable precautions to control wind and water erosion, fertilize improved pastures, if any, where necessary to maintain a good stand of desirable grasses, protect orchards and timber, if any, by reasonable precautions against loss or damage by fire including the maintenance of appropriate fire breaks, and neither to remove nor permit the removal of any timber, buildings, oil, gas, mineral, stone, rock, clay, fertilizer, gravel or top soil without the prior written consent of Mortgagee, (h) complete appropriation and all other requirements, if any, necessary to obtain the issuance of any license or water permit issued to Grantor, and take all other steps required or advisable for purposes of perfecting and maintaining in good status all other Water Rights; (i) not bring or keep any article on the Property or cause or allow any condition to exist on it, if that could invalidate or would be prohibited by any insurance coverage required to be maintained by Grantor on the Property or any part of it under this Mortgage, and (j) perform all other acts which from the character or use of the Property may be reasonably necessary to maintain and preserve its value and utility

11. **Compliance with Applicable Law**  Grantor shall not commit or allow any act upon or use of the Property which would violate any Applicable Law, whether now existing or later to be enacted and whether foreseen or unforeseen, or any public or private covenant, condition, restriction or equitable servitude affecting the Property,

12  **Taxes and Assessments**  Grantor shall pay (a) prior to delinquency, all taxes, levies, charges and assessments imposed by Applicable Law or any public or quasi-public authority or utility company which are (or if not paid, may become) a Lien on all or part of the Property or any interest in it, or which may cause any decrease in the value of the Property or any part of it (individually and collectively "Impositions"), (b) any and all intangible taxes and documentary stamp taxes determined at any time to be due on or as a result of the Secured Obligations, this Mortgage or any other Transaction Documents, together with any and all interest and penalties thereon, and (c) taxes, levies, charges and assessments on Mortgagee's or Secured Parties' interest therein or upon this Mortgage or the Secured Obligations (collectively, "Mortgage Taxes"), except that if the amount of Mortgage Taxes exceeds the Maximum Rate, Grantor will not be required to pay any such excess  If after the date of this Mortgage, the State of Washington passes any law deducting from the value of Land for the purpose of taxation any Lien thereon, or changing in any way the laws for the taxation of Mortgages or debts secured by Mortgage for state or local purposes, or the manner of the collection of any such taxes, so as to affect this Mortgage, then within 180 days after notice by Mortgagee to Grantor, Grantor shall pay all Secured Obligations  Notwithstanding the foregoing provisions of this section, Grantor may, at its expense, contest the validity or application of any Imposition by appropriate legal proceedings promptly initiated and conducted in good faith and with due diligence, provided that Mortgagee is satisfied that neither the Property nor any part thereof or interest therein will be at risk of being sold, forfeited, or lost as a result of such contest, and Grantor has posted a bond equal to 115% of the contested amount or furnished such other security required from time to time by Mortgagee for purposes of payment of the contested amount.

13. **Damages and Insurance and Condemnation Proceeds**  Mortgagee may, at its option, (a) in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Property, and it may make any compromise or settlement of the action or proceeding, (b) participate in any action or proceeding relating to any Condemnation Award, and (c) join Grantor in adjusting any Insurance Claim  All insurance proceeds, Condemnation Awards, and proceeds of any other claim based on warranty, or for damage, injury or loss to the Property which Grantor may receive or be entitled to must be paid to Mortgagee  In each instance, Mortgagee may apply those proceeds first toward reimbursement of all of Mortgagee's costs and expenses of recovering the proceeds or Condemnation Award, including Legal Fees  The balance shall, at Mortgagee's option, be applied to pay or Prepay (with any applicable Prepayment Consideration, if any) some or all of the Secured Obligations in such order and proportions as it may choose GRANTOR HEREBY SPECIFICALLY, UNCONDITIONALLY AND IRREVOCABLY WAIVES ALL RIGHTS OF A PROPERTY OWNER WHICH PROVIDE FOR ALLOCATION OF CONDEMNATION PROCEEDS BETWEEN A PROPERTY OWNER AND A LIENHOLDER, AND ANY OTHER LAW OR SUCCESSOR STATUTE OF SIMILAR IMPORT

14. **Site Visits, Observation and Testing**  Mortgagee and its agents and representatives may enter and visit the Property at any reasonable time for the purposes of observing it, performing Appraisals, taking and removing soil or groundwater samples, and conducting tests on any part of it, as provided in the MCA, and otherwise to determine Grantor's compliance with this Mortgage

15.    <u>Defense and Notice of Claims and Actions</u>.  At Grantor's sole expense, Grantor shall protect, preserve and defend the Property and title to and right of possession of the Property, and the security of this Mortgage and the rights and powers of Mortgagee created under it, against all adverse claims.  Grantor must give Mortgagee prompt notice in writing if any claim is asserted which does or could affect any of these matters, or if any action or proceeding is commenced which alleges or relates to any such claim

16.    <u>Prohibited Transfers</u>.  Grantor agrees that a material factor in Secured Parties' decision to enter into the Secured Obligation Documents is the expertise, financial status and other characteristics of Grantor or Borrower.  Grantor or Borrower shall not make or permit any Prohibited Transfer  Upon any Prohibited Transfer Mortgagee may declare all Secured Obligations to be due and payable immediately   "Prohibited Transfer" means   (a) any sale, contract to sell, conveyance, encumbrance, pledge, mortgage, lease of the Property to or for the benefit of a Person not the original Grantor under this instrument, and not expressly permitted under this instrument or the other Secured Obligation Documents, or other transfer of all or any material part of the Property or any interest in it, including any transfer of Mineral Rights, Water Rights, or Water Stock, whether voluntary, involuntary, by operation of law or otherwise; (b) if Grantor or Borrower is a corporation, any transfer or transfers of shares of the voting power or the direct or indirect beneficial ownership of Grantor, (c) if Grantor or Borrower is a partnership, withdrawal or removal of any general partner, dissolution of the partnership under Applicable Law, or any transfer or transfers of the partnership interests, (d) if Grantor or Borrower is a limited liability company, withdrawal or removal of any managing member, termination of the limited liability company or any transfer or transfers of the voting power or the ownership of the economic interest in the Grantor or Borrower, or (e) if Grantor or Borrower is a trust, withdrawal or removal of any trustee or revocation of the trust

17.    <u>Compensation and Reimbursement of Costs and Expenses</u>. Grantor shall pay (a) fees in the maximum amounts legally permitted, or reasonable fees as may be charged by Mortgagee when the law provides no maximum limit, for any services that Mortgagee may render in connection with this Mortgage, including Mortgagee's providing a statement, (b) all of Mortgagee's costs and expenses which may be incurred in rendering any such services, and (c) all costs, expenses and other advances which may be incurred or made by Mortgagee in any efforts to enforce any terms of this Mortgage or protect the Property, including any rights or remedies afforded to Mortgagee under <u>Section 20</u>, including but not limited to Appraisals, inspections, insurance premiums, and prevention of waste, whether any lawsuit is filed or not, including any bankruptcy or other voluntary or involuntary proceeding, in or out of court, for the Adjustment of debtor-creditor relationships, or in defending any action or proceeding arising under or relating to this Mortgage, including attorneys' fees and other legal costs, costs of any Foreclosure Sale (defined herein) and any cost of evidence of title   If Mortgagee chooses to dispose of Property through more than one Foreclosure Sale, Grantor must pay all costs, expenses or other advances that may be incurred or made by Mortgagee in each of those Foreclosure Sales   GRANTOR SHALL INDEMNIFY MORTGAGEE AND SECURED PARTIES AGAINST AND SHALL HOLD THEM HARMLESS FROM ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, CAUSES OF ACTION, JUDGMENTS, COURT COSTS, ATTORNEYS' FEES AND OTHER LEGAL EXPENSES, COST OF EVIDENCE OF TITLE, COST OF EVIDENCE OF VALUE, AND OTHER COSTS AND EXPENSES WHICH EITHER MAY SUFFER OR INCUR· (A) IN PERFORMING ANY ACT REQUIRED OR PERMITTED BY THIS MORTGAGE OR ANY OF THE OTHER SECURED OBLIGATION DOCUMENTS OR BY LAW, (B) BECAUSE OF ANY FAILURE OF GRANTOR TO PAY OR PERFORM ANY OF THE SECURED OBLIGATIONS, OR (C) BECAUSE OF ANY ALLEGED OBLIGATION OF OR UNDERTAKING BY MORTGAGEE OR SECURED PARTIES TO PERFORM OR DISCHARGE ANY OF THE REPRESENTATIONS, WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN ANY DOCUMENT RELATING TO THE PROPERTY (OTHER THAN SUCH WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN THE SECURED OBLIGATION DOCUMENTS)  THIS AGREEMENT BY GRANTOR TO INDEMNIFY MORTGAGEE AND SECURED PARTIES SURVIVES THE RELEASE AND CANCELLATION OF ANY OR ALL OF THE SECURED OBLIGATIONS AND THE FULL OR PARTIAL RELEASE AND/OR RECONVEYANCE OF THIS MORTGAGE

18.    <u>Payments Due under this Mortgage</u>  Grantor must pay all obligations to pay money arising under this Mortgage immediately upon demand by Mortgagee or Secured Parties  Each such obligation shall bear interest from the date the obligation arises at the Default Rate

19.    <u>Events of Default</u>  The following each shall be an event of default under this Mortgage (an "<u>Event of Default</u>")  (a) an Event of Default under the MCA, including a default termination event or other similar event under any Hedging Agreement which is not cured within any grace or cure period specified therein, if any, (b) a Prohibited Transfer, (c) the Financial Information or any representation in this Mortgage is materially incorrect or materially misleading, (d) the filing of any notice

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

6

031

limiting the maximum amount secured by this Mortgage to a sum less than the Maximum Amount Secured as specified herein, or if no such amount is specified, to any amount; (e) for more than ten days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this Mortgage not previously described in this Section 19, which can be cured by the payment of a sum of money, or (f) for 30 days after notice from Mortgagee or Secured Parties, Grantor is in default under any term, covenant or condition of this Mortgage not previously described in this Section 19, provided that if (i) it is reasonably certain that the default cannot be cured by Grantor within that 30 day period and (ii) Grantor has commenced curing that default within that 30 day period and thereafter diligently and expeditiously proceeds to cure that default, then that 30 day period shall be extended for so long as reasonably required by Grantor in the exercise of due diligence to cure that default, up to a maximum of 90 days after the notice to Grantor of the Event of Default

20.    Remedies  At any time after an Event of Default, Secured Parties or Mortgagee may (a) declare any or all of the Secured Obligations to be due and payable immediately, (b) cure any breach or default of Grantor; (c) may, to the extent permitted by Applicable Law, make an ex parte application to any court of competent jurisdiction, and obtain appointment of, a receiver, trustee, liquidator or conservator of the Property, without notice, without giving bond, and without regard for the adequacy of the security for the Secured Obligations and without regard for the solvency of Borrower, any Guarantor, or of any Person liable for the payment of the Secured Obligations, (d) in person, by agent or by court-appointed receiver, enter, take possession of, manage and operate all or any part of the Property, (e) exercise any or all of the remedies granted to a secured party under the UCC, (f) bring an action in any court of competent jurisdiction to foreclose this Mortgage or to obtain specific enforcement of any of the Covenants or agreements of this Mortgage; (g) under the power of sale granted under this Mortgage (the "Power of Sale"), at its option cause some or all of the Property, including the Personalty, to be sold or otherwise disposed of in any combination and in any manner permitted by Applicable Law; and (h) do any and all other things in connection with those actions that Mortgagee may consider necessary and appropriate to protect the security of this Mortgage  GRANTOR HEREBY IRREVOCABLY CONSTITUTES AND APPOINTS MORTGAGEE AS GRANTOR'S ATTORNEY-IN-FACT TO PERFORM SUCH ACTS AND EXECUTE SUCH DOCUMENTS AS MORTGAGEE CONSIDERS APPROPRIATE IN CONNECTION WITH TAKING THESE MEASURES, INCLUDING ENDORSEMENT OF GRANTOR'S NAME ON ANY INSTRUMENTS  GRANTOR HEREBY WAIVES NOTICE OF THE APPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF THIS SECTION, AND AGREES TO NOT OPPOSE SUCH APPOINTMENT  Notwithstanding the foregoing, in no event will Mortgagee or Secured Parties have any obligation to take any of the actions set forth in this Section 20  Mortgagee shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Mortgagee, unless Mortgagee has given express written notice of its election of that remedy  The proceeds of any receivership shall be applied by the receiver toward the payment of the Secured Obligations or toward the payment of such part of any Judgment thereupon which remains unsatisfied after the sale of the Property  The receiver may make repairs and keep the Property in good condition and repair pending a sale, and pay all taxes and assessments accrued or accruing or redeem from sales therefore, pay all premiums of insurance required under this Mortgage, and pay all other charges as herein provided

21.    Sales of Property.  Mortgagee may elect to treat as Personalty any Property which is intangible or which can be severed from the Land or Improvements without causing structural damage  Mortgagee may dispose of any Personalty separately from the sale of real property, in any manner permitted by the UCC or any other Applicable Law  Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Secured Obligation  Mortgagee may choose to dispose of some or all of the Property which consists solely of real property in any manner then permitted by Applicable Law  To the extent permitted by Applicable Law, Mortgagee may also or alternatively choose to dispose of some or all of the Property, in any combination consisting of both real and personal property, together in one sale to be held in accordance with the law and procedures applicable to real property, as permitted by the UCC  Grantor agrees that such a sale of Personalty together with real property constitutes a commercially reasonable sale of the personal property  For purposes of the Power of Sale, either a sale of real property alone under the Power of Sale, or, to the extent permitted by Applicable Law, a sale of both real and personal property under the Power of Sale, together in accordance with the UCC, will sometimes be referred to as a "Non-Judicial Foreclosure Sale " Before any Non-Judicial Foreclosure Sale, Mortgagee must give such notice of default and election to sell as may then be required by law  When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, Mortgagee, as required by Applicable Law, must sell the Property being sold at a public auction to be held at the time and place specified in the notice of sale  Mortgagee has no obligation to make demand on Grantor before any Non-Judicial Foreclosure Sale  From time to time in accordance with then Applicable Law, Mortgagee may

postpone any Non-Judicial Foreclosure Sale by public announcement at the time and place noticed for that sale   Trustee or Mortgagee, as required by Applicable Law, shall execute and deliver to any purchaser(s) a deed(s) or bill(s) of sale conveying the Property being sold without any covenant or warranty whatsoever, express or implied   The recitals in any such deed(s) or bill(s) of sale of any matters or facts, including any facts bearing upon the regularity or validity of any Non-Judicial Foreclosure Sale, will be conclusive proof of their truthfulness  Any such deed(s) or bill(s) of sale shall be conclusive against all Persons as to the facts recited in it  If the Land is located in more than one county, then to the extent permitted by Applicable Law, a judicial or non-judicial foreclosure sale of the Property may be maintained in any one or more of those counties  If the Property consists of more than one lot, parcel or item of property, Mortgagee may  (i) designate the order in which the lots, parcels and/or items shall be sold or disposed of or offered for sale or disposition; and (ii) elect to dispose of the lots, parcels and/or items through a single consolidated sale or disposition to be held or made under the Power of Sale, or in connection with judicial proceedings, or by virtue of a Judgment and decree of foreclosure and sale, or through two or more such sales or dispositions, or in any other manner (including a Non-Judicial Foreclosure Sale) Mortgagee may deem to be in its best interests (any such sale or disposition, a "Foreclosure Sale," any two or more, "Foreclosure Sales")  If it chooses to have more than one Foreclosure Sale, Mortgagee at its option may cause the Foreclosure Sales to be held simultaneously or successively, on the same day, or on such different days and at such different times and in such order as it may deem to be in its best interests.  No Foreclosure Sale will terminate or affect the Lien of this Mortgage on any part of the Property which has not been sold, until all of the Secured Obligations have been paid in full   At any Foreclosure Sale, any person, including Grantor, Mortgagee or Secured Parties, may bid for and acquire the Property or any part of it to the extent permitted by then Applicable Law   Instead of paying cash for that property, Mortgagee or Secured Parties may settle for the purchase price by crediting the sales price of the Property against the Secured Obligations, unless Applicable Law mandates a specific order of application, in which event payments and collections will be applied as mandated by Applicable Law  Any such credit, and all other proceeds of any Foreclosure Sale shall be applied to the Secured Obligations in any order Mortgagee may choose

22.    **Additional Rights**  In addition to the rights and powers given to Mortgagee under this Mortgage, Mortgagee shall have all such other rights both in law and equity for collection of the indebtedness secured hereby as it would have but for this Mortgage.

23.    **Guarantor and/or Non-Obligor Provisions.**  (a) Guarantor and/or Non-Obligor authorize Mortgagee and Secured Parties to perform any of the following acts at any time, all without notice to Guarantor and/or Non-Obligor and without affecting the rights of Mortgagee or Secured Parties or the obligations of Guarantor and/or Non-Obligor under this Mortgage   (i) alter any terms of the MCA or any part of it, including renewing, compromising, extending or accelerating, or otherwise changing the time for payment of, or increasing or decreasing the rate of interest on, the MCA or any part of it, (ii) take and hold security for the MCA, accept additional or substituted security for the MCA, and subordinate, exchange, enforce, waive, release, compromise, fail to perfect, sell or otherwise dispose of any such security, (iii) apply any security now or later held for the MCA in any order that Mortgagee and Secured Parties may choose, and may direct the order and manner of any sale of all or any part of it and bid at any such sale, (iv) release Obligor/Borrower of its liability for the MCA or any part of it, (v) substitute, add or release any one or more guarantors or endorsers of the MCA, and (vi) extend other credit to Obligor/Borrower, and may take and hold security for the credit so extended, whether or not such security also secures the MCA

(b)    Guarantor and/or Non-Obligor waive  (i) any right to require Mortgagee or Secured Parties to proceed against Obligor/Borrower, proceed against or exhaust any security held from Obligor/Borrower, or pursue any other remedy in Mortgagee's and Secured Parties power to pursue, (ii) any defense based on any legal disability of Obligor/Borrower, any discharge or limitation of the liability of Obligor/Borrower to Mortgagee or Secured Parties, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that the obligations of Guarantor and/or Non-Obligor exceed or are more burdensome than those of Obligor/Borrower, (iii) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this Mortgage and of the existence, creation, or incurring of new or additional indebtedness of Obligor/Borrower, and demands and notices of every kind, (iv) any defense based on or arising out of any defense that Obligor/Borrower may have to the payment or performance of the MCA or any part of it; and (v) until the Secured Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U S Code) or any successor statute, all rights to enforce any remedy that Mortgagee or Secured Parties may have against

033

Obligor/Borrower, and all rights to participate in any security now or later to be held by Mortgagee or Secured Parties for the MCA

(c)    Guarantor and/or Non-Obligor waive all rights and defenses that Guarantor and/or Non-Obligor may have because the MCA may be secured by real property other than the Property hereby encumbered  This means, among other things   (i)  Mortgagee and Secured Parties may collect from Guarantor and/or Non-Obligor (including enforcing this Mortgage against Guarantor and/or Non-Obligor) without first foreclosing on any real or personal property collateral securing the MCA, and (ii)  if Mortgagee forecloses on any real property collateral securing the MCA  (A) the amount of the MCA may be reduced only by the price for which that Collateral is sold at the foreclosure sale, even if the Collateral is worth more than the sale price, and (B) Mortgagee and Secured Parties may collect from Guarantor and/or Non-Obligor (including enforcing this Mortgage against Guarantor and/or Non-Obligor) even if Mortgagee or Secured Parties, by foreclosing on the real property collateral, has destroyed any right Guarantor and/or Non-Obligor may have to collect from Borrower  This is an unconditional and irrevocable waiver of any rights and defenses Guarantor and/or Non-Obligor may have because the MCA may be secured by real property other than the Property

(d)    Guarantor and/or Non-Obligor waive any right or defense it may have at law or equity, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered

(e)    Guarantor and/or Non-Obligor are solely responsible for keeping informed of the financial condition and business operations of Borrower and all other circumstances affecting the ability of Borrower to pay and perform Borrower's obligations to Mortgagee and Secured Parties, and agrees that Mortgagee and Secured Parties will have no duty to disclose to Guarantor and/or Non-Obligor any information which Mortgagee or Secured Parties may receive about the financial condition, business operations, or any other circumstances bearing on the ability of Borrower to perform

(f)    No provision or waiver in this Mortgage shall be construed as limiting the generality of any other provision or waiver contained in this Mortgage or the Guaranty

24.    Notices.  All notices, approvals, consents, and other communications, under this Mortgage ("Notices") must be given in accordance with and will be subject to the terms and provisions of the MCA  Notices must be mailed or delivered, if to Grantor, to the address adjacent Grantor's signature below, if to Mortgagee or Lender, to 14767 N  Outer 40 Rd , Suite 400, Chesterfield, MO 63017, Attention  Loan Closing Department, if to Secured Parties other than Lender, c/o Rabobank, 245 Park Avenue, New York, NY 10167, Attention  Customer Service Representative, and in the case of any other Person, to the address designated by that Person in a notice to Grantor, Mortgagee, and Lender

25.    Mortgagee.  Without affecting the personal liability of any Person, including Grantor and Obligor/Borrower, for the payment of the Secured Obligations or the Lien of this Mortgage on the remainder of the Property for the unpaid amount of the Secured Obligations, Mortgagee and Secured Parties may from time to time and without notice  (i) release any Person liable for payment of any Secured Obligation, (ii) extend the time for payment, or otherwise alter the terms of payment, of any Secured Obligation, (iii) accept additional real or personal property of any kind as security for any Secured Obligation, whether evidenced by deeds of trust, Mortgages, Security Agreements or any other instruments of security, or (iv) alter, substitute or release any property securing the Secured Obligations

26.    Exculpation of Mortgage.  None of Mortgagee or Secured Parties will be directly or indirectly liable to Grantor or any other Person as a consequence of any of the following  (a) the exercise of or failure to exercise any rights, remedies or powers granted to it in this Mortgage, (b) any failure or refusal to perform or discharge any obligation or liability of Grantor under any agreement related to the Property or under this Mortgage, or (c) any loss sustained by Grantor or any third party resulting from any failure to lease the Property or from any other act or omission in managing the Property after an Event of Default, unless the loss is caused by the willful misconduct and bad faith of Mortgagee or Secured Parties, respectively GRANTOR HEREBY EXPRESSLY WAIVES AND RELEASES ALL LIABILITY OF THE TYPES DESCRIBED ABOVE, AND AGREES THAT NO SUCH LIABILITY BE ASSERTED AGAINST OR IMPOSED UPON MORTGAGEE OR ANY SECURED PARTY

27.    Waiver of Dower, Homestead, and Distributive Share.  Grantor relinquishes all right of dower and waives all right of homestead and distributive share in and to the Property  Grantor waives any right of exemption as to the Property

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

28.     **Waiver of Certain Other Laws.**  To the full extent Grantor may do so, Grantor agrees that Grantor will not at any time insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for appraisement, valuation, stay, extension or redemption, and Grantor, for Grantor, and its representatives, successors and assigns, and for any and all Persons ever claiming any interest in the Property, to the extent permitted by law, hereby waives and releases all rights of redemption, valuation, appraisement, stay of execution, or notice of election to mature or declare due the whole of the Secured Obligations in the event of foreclosure of the Lien created by this Mortgage

29.     **Release.**  When all Secured Obligations have been paid in full, Lender has no obligation to make additional Loans and the Hedging Agreements have been terminated, Mortgagee shall execute and deliver to Grantor, a release of the Property from the Lien of this Mortgage

30.     **Additional Provisions**  The Secured Obligation Documents state all of the terms and conditions of the parties' agreement regarding the matters mentioned in or incidental to this Mortgage  The Secured Obligation Documents also grant further rights to Mortgagee and Secured Parties and contain further agreements and affirmative and negative covenants by Grantor which apply to this Mortgage and to the Property

31.     **Collateral Agency Agreement**  This Mortgage is subject to the terms of the collateral agency agreement between the Secured Parties (the "Collateral Agency Agreement")

32.     **Entire Agreement.**  This Mortgage and the other Secured Obligation Documents collectively  (i) represent the sum of the understandings and agreements between Mortgagee, Secured Parties and Grantor concerning this credit; (ii) replace any prior oral or written agreements between Mortgagee, Secured Parties and Grantor concerning this credit, and (iii) are intended by Mortgagee, Secured Parties and Grantor as the final, complete and exclusive statement of the terms agreed to by them  In the event of any conflict between this Mortgage and any other agreements required by this Mortgage, this Mortgage will prevail

33.     **Other Acts.**  Grantor shall cooperate with Mortgagee for the purposes of, and perform all acts which may be necessary or advisable to perfect any Lien provided for in this Mortgage or to carry out the intent of this agreement  Promptly (but in no event more than ten days) after request by Mortgagee, Grantor will execute, acknowledge and deliver any document which Mortgagee deems necessary or advisable for these purposes, and will, on demand, pay any expenses incurred by Mortgagee in the preparation, execution and filing of any such documents

34.     **No Waiver or Cure**  Each waiver by Mortgagee or Secured Parties must be in writing, and no waiver is to be construed as a continuing waiver  No waiver is to be implied from any delay or failure by Mortgagee or Secured Parties to take action on account of any default of Grantor  Consent by Mortgagee or Secured Parties to any act or omission by Grantor must not be construed as a consent to any other or subsequent act or omission or to waive the requirement for Mortgagee's or Secured Parties' consent to be obtained in any future or other instance  The exercise by Mortgagee or Secured Parties of any right or remedy under this Mortgage or the other Secured Obligation Documents or under Applicable Law, shall not  cure or waive a breach, Event of Default or notice of default under this Mortgage or invalidate any act performed pursuant to any such default or notice, or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and all other defaults under the Secured Obligation Documents, including any Hedging Agreements, have been cured), or impair the security of this Mortgage, or prejudice Mortgagee, Secured Parties or any receiver appointed in accordance with this Mortgage, in the exercise of any right or remedy afforded any of them under this Mortgage, or be construed as an affirmation by Mortgagee or Secured Parties of any tenancy, lease or option, or a subordination of the Lien of this Mortgage

35.     **Waivers**  Grantor waives all rights, legal and equitable, it may now or hereafter have to require marshaling of assets or to require upon foreclosure sales of assets in a particular order  Grantor waives presentment, demand, protest, notice of protest and notice of dishonor and waives all exemptions as to the Secured Obligations  Each successor and assign of Grantor, including any holder of a Lien subordinate to this Mortgage, by acceptance of its interest or Lien agrees that it shall be bound by the above waiver, as if it had given the waiver itself

36.     **Joint and Several Obligations.**  If Grantor consists of more than one Person, each Grantor (a) acknowledges and undertakes, together with the other Grantors, joint and several liability for the indebtedness, liabilities and obligations of Grantor under this Mortgage, (b) acknowledges that this Mortgage is the independent and several obligation of

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

each Grantor and may be enforced against each Grantor separately, whether or not enforcement of any right or remedy hereunder has been sought against any other Grantor; and (c) agrees that its liability hereunder and under any other Secured Obligation Document shall be absolute, unconditional, continuing and irrevocable. GRANTOR EXPRESSLY WAIVES ANY REQUIREMENT THAT MORTGAGEE OR SECURED PARTIES EXHAUST ANY RIGHT, POWER OR REMEDY AND PROCEED AGAINST THE OTHER GRANTORS UNDER THIS MORTGAGE, OR ANY OTHER SECURED OBLIGATION DOCUMENTS, OR AGAINST ANY OTHER PERSON UNDER ANY GUARANTY OF, OR SECURITY FOR, ANY OF THE SECURED OBLIGATIONS.

37.    Binding Effect; Successors and Assigns.  The Secured Obligation Documents shall inure to the benefit of and shall be binding upon the parties and their respective successors and assigns, provided that Grantor shall not assign its rights or obligations hereunder without Secured Parties' consent. However, this Paragraph does not waive the provisions of Section 16, and Grantor shall not assign its rights or obligations hereunder without Mortgagee's and Secured Parties' consent. Mortgagee and Secured Parties may transfer all or any portion of its rights under the Secured Obligation Documents to any other Person. Mortgagee and Secured Parties may disclose to any actual or proposed transferee any information that Grantor has delivered to Mortgagee and Secured Parties in connection with the negotiation of this Mortgage or pursuant to the Secured Obligation Documents; and Grantor shall cooperate fully with Mortgagee and Secured Parties in providing that information to any actual or proposed transferee.

38.    Governing Law.  This Mortgage shall be governed exclusively by the Applicable Laws of the State of Washington (the "Governing Law State") without regard or reference to its conflict of laws principles. Grantor understands that the laws of the Governing Law State may differ from the laws of the state where Grantor resides or otherwise is located or where the Property is located. However, Grantor understands, agrees and acknowledges that (a) this Mortgage and the Secured Obligation Documents have significant and substantial contacts with the Governing Law State, (b) it is convenient to Grantor and Lender to select the law of the Governing Law State to govern this Mortgage and the transactions evidenced hereby, (c) the transactions evidenced by the MCA and this Mortgage bear a reasonable connection to the laws of the Governing Law State, (d) the choice of the internal laws of the Governing Law State was made for good and valid reasons, and (e) the choice of the Governing Law State constitutes good and valuable consideration for Secured Parties to enter into the Secured Obligation Documents and Secured Parties have entered into the Secured Obligation Documents in reliance on this choice.

39.    JURISDICTION AND VENUE.  GRANTOR IRREVOCABLY AGREES THAT, AT THE OPTION OF MORTGAGEE, ALL ACTIONS, PROCEEDINGS OR COUNTERCLAIMS ARISING OUT OF OR RELATING TO THIS MORTGAGE OR ANY OTHER TRANSACTION DOCUMENT WILL BE LITIGATED IN THE IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, IOWA, OR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA. GRANTOR IRREVOCABLY CONSENTS TO SERVICE, JURISDICTION, AND VENUE OF THOSE COURTS FOR ALL SUCH ACTIONS, PROCEEDINGS AND COUNTERCLAIMS AND WAIVES ANY OTHER VENUE TO WHICH IT MIGHT BE ENTITLED BY VIRTUE OF DOMICILE, HABITUAL RESIDENCE OR OTHERWISE.

40.    Miscellaneous.  This Mortgage may be executed in counterparts, each of which will be an original and all of which together are deemed one and the same instrument. If Grantor is comprised of multiple Persons, any Person comprising Grantor is hereby authorized to bind all parties comprising Grantor. Mortgagee or Secured Parties may, at any time and without notice, waive any prior requirement that requests, authorizations, or other actions be taken only by a Designated Person. Time is of the essence of this Mortgage. Each Party has participated in negotiating and drafting this Mortgage, so if an ambiguity or a question of intent or interpretation arises, this Mortgage is to be construed as if the parties had drafted it jointly, as opposed to being construed against a Party because it was responsible for drafting one or more provisions of this Mortgage. Mortgagee is authorized to execute any other documents or take any other actions necessary to effectuate this Mortgage and the consummation of the transactions contemplated herein. This Mortgage may not be amended, changed, modified, altered or terminated without the prior written consent of Mortgagee and Secured Parties. Any provision of any Secured Obligation Document which is prohibited or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of that Secured Obligation Document or affecting the validity or enforceability of that provision in any other jurisdiction, except that if such provision relates to the payment of any monetary sum, then Mortgagee or Secured Parties may, at its option, declare all Secured Obligations immediately due and payable. No merger shall occur as a result of Mortgagee's or Secured Parties' acquiring any other estate in or any other Lien on

the Property. All rights and remedies under this Mortgage and the Secured Obligation Documents are cumulative, and the exercise of any one or more of them does not constitute an election of remedies.

41.    INDEMNIFICATION. GRANTOR SHALL DEFEND, INDEMNIFY AND HOLD MORTGAGEE AND SECURED PARTIES AND THEIR OFFICERS, DIRECTORS, EMPLOYEES, PARTNERS, AGENTS AND ATTORNEYS (THE "INDEMNIFIED PERSONS") HARMLESS AGAINST ANY AND ALL LOSSES OF ANY KIND OR NATURE WHATSOEVER THAT MAY BE IMPOSED ON, INCURRED BY, OR ASSERTED AGAINST THE INDEMNIFIED PERSONS ARISING OUT OF CLAIMS ASSERTED AGAINST THE INDEMNIFIED PERSONS AS A RESULT OF MORTGAGEE OR SECURED PARTIES BEING PARTY TO THIS MORTGAGE OR THE TRANSACTIONS CONSUMMATED PURSUANT TO THIS MORTGAGE; except that Grantor shall have no obligation to an Indemnified Person under this section with respect to Losses resulting from the gross negligence or willful misconduct of that Indemnified Person as determined by a court of competent jurisdiction. If and to the extent that an Indemnity is unenforceable for any reason, Grantor shall be obligated to make the maximum contribution to the payment and satisfaction thereof which is permissible under Applicable Law. THE PROVISIONS OF ALL INDEMNITIES SHALL SURVIVE THE TERMINATION OF THIS MORTGAGE.

42.    WAIVER OF TRIAL BY JURY. GRANTOR AND, BY ACCEPTANCE HEREOF, MORTGAGEE (A) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY IN ANY ACTION OR PROCEEDING FOR THE RESOLUTION OF ANY CONTROVERSY OR CLAIM THAT ARISES OUT OF OR RELATES TO: (I) THIS MORTGAGE; OR (II) ANY SECURED OBLIGATION DOCUMENT, WHETHER ARISING IN CONTRACT, TORT OR BY STATUTE (INDIVIDUALLY AND COLLECTIVELY, A "CONTROVERSY OR CLAIM"); AND, (B) TO THE EXTENT PERMITTED BY APPLICABLE LAW, WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CONTROVERSY OR CLAIM TO THE EXTENT SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THE PROVISIONS OF THIS SECTION ARE GIVEN KNOWINGLY AND VOLUNTARILY, AND ARE A MATERIAL INDUCEMENT FOR THE PARTIES ENTERING INTO THE SECURED OBLIGATION DOCUMENTS.

43.    ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

Grantor is signing this Mortgage effective as of the day and year first written above.

GRANTOR

Address for Notices:
1427 N 1st Ave
Pasco, WA 99301

Alternate address for notice by U.S. Mail:
PO Box 2813
Pasco, WA 99302

3E PROPERTIES, a Washington general partnership

By: _____
JODY DEE EASTERDAY
Partner

By: _____
CODY ALLEN EASTERDAY
Partner

By: _____
DEBBY EASTERDAY
Partner

By: _____
GALE ALLEN EASTERDAY
Partner

By: _____
KAREN LOUISE EASTERDAY
Partner

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

13

038

STATE OF WASHINGTON            )
                                                  ) SS
COUNTY OF _Franklin_         )

On this _30th_ day of _August_____, 2018, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared JODY DEE EASTERDAY, to me known to be the Partner of 3E PROPERTIES, a Washington general partnership, the general partnership that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said general partnership, for the uses and purposes therein mentioned, and on oath stated that _Jody Easterday_ authorized to execute the said instrument and that the seal affixed is the [company/corporate] seal of said general partnership.

Given under my hand and seal of office this _30th_ day of _August_____, 2018.

_Jayn A. Hin_

Notary Public residing at _Pasco, Washington_

Printed Name: _Lauryn A. Hirai_

My Commission Expires: _1/8/2021_

STATE OF WASHINGTON            )
                                                  ) SS
COUNTY OF _Franklin_         )

On this _30th_ day of _August_____, 2018, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared CODY ALLEN EASTERDAY, to me known to be the Partner of 3E PROPERTIES, a Washington general partnership, the general partnership that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said general partnership, for the uses and purposes therein mentioned, and on oath stated that _Cody Easterday_ authorized to execute the said instrument and that the seal affixed is the [company/corporate] seal of said general partnership.

Given under my hand and seal of office this _30th_ day of _August_____, 2018.

_Jayn A. Hin_

Notary Public residing at _Pasco, Washington_

Printed Name: _Lauryn A. Hirai_

My Commission Expires: _1/8/2021_

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

14

039

STATE OF WASHINGTON                     )
                                        ) SS
COUNTY OF _Franklin_____          )

On this _30ᵀᴴ_ day of _August_, _2018_, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared DEBBY EASTERDAY, to me known to be the Partner of 3E PROPERTIES, a Washington general partnership, the general partnership that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said general partnership, for the uses and purposes therein mentioned, and on oath stated that _Debby Easterday_ authorized to execute the said instrument and that the seal affixed is the [company/corporate] seal of said general partnership.

Given under my hand and seal of office this _30ᵀᴴ_ day of _August_, _2018_.

_____

Notary Public residing at _Pasco, Washington_

Printed Name: _Lauryn A. Hirai_

My Commission Expires: _1/8/2021_

STATE OF WASHINGTON                     )
                                        ) SS
COUNTY OF _Franklin_____          )

On this _30ᵀᴴ_ day of _August_, _2018_, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared GALE ALLEN EASTERDAY, to me known to be the Partner of 3E PROPERTIES, a Washington general partnership, the general partnership that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said general partnership, for the uses and purposes therein mentioned, and on oath stated that _Gale Easterday_ authorized to execute the said instrument and that the seal affixed is the [company/corporate] seal of said general partnership.

Given under my hand and seal of office this _30ᵀᴴ_ day of _August_, _2018_.

_____

Notary Public residing at _Pasco, Washington_

Printed Name: _Lauryn A. Hirai_

My Commission Expires: _1/8/2021_

3E Properties/EFP MCA 2018
Mortgage, Assignment of Rents and Security Agreement

15

040

STATE OF WASHINGTON                    )
                                       ) SS
COUNTY OF _Franklin_____         )

On this 30ᵗʰ day of _August_ _2018_, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared KAREN LOUISE EASTERDAY, to me known to be the Partner of 3E PROPERTIES, a Washington general partnership, the general partnership that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said general partnership, for the uses and purposes therein mentioned, and on oath stated that _Karen Easterday_ authorized to execute the said instrument and that the seal affixed is the [company/corporate] seal of said general partnership.

Given under my hand and seal of office this 30ᵗʰ day of _August_ _2018_

_Lauryn A. Hirai_
Notary Public residing at _Pasco, Washington_
Printed Name: _Lauryn A. Hirai_
My Commission Expires: _1/8/2021_

EXHIBIT A

3E Properties/EFP MCA 2018
MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

Legal Description of Real Estate

Franklin County, Washington

Parcel A:  (121-231-032)

Lot 1, as delineated on Short Plat No. 98-09, recorded under Auditor's Recording No. 553694, records of Franklin County, Washington.

Parcel B: (121-231-091)

Lot 2, as delineated on Short Plat No. 98-09, recorded under Auditor's Recording No. 553694, records of Franklin County, Washington.

042

## EXHIBIT B

3E Properties/EFP MCA 2018
MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

### Additional Property

associated with Mortgage by 3E Properties on land located in Franklin County, Washington

(list specific additional Property, if any)

All refrigeration equipment affixed to the real estate as part of the storage facilities

Leases to Easterday Farms Produce, Co

043