**ORIGINAL**

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc., | ) ) ) ) |
| Plaintiff, | ) Case No. 4:21-CV-05066-SAB ) ) August 4, 2022 |
| vs. | ) Video Conference ) |
| KAREN EASTERDAY, both individually and as the personal representative of the estate of Gale Easterday, deceased; CODY EASTERDAY, an individual and the spouse of Debby Easterday; DEBBY EASTERDAY, an individual and the spouse of Cody Easterday; and JODY EASTERDAY, an individual, | ) Motion Hearing ) ) Pages 1 - 18 ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| JODY EASTERDAY, an individual, | ) ) |
| Counterclaim Plaintiff, | ) |
| v. | ) ) |
| RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc., | ) ) ) ) |
| Counterclaim Defendant. | ) ) |

BEFORE THE HONORABLE STANLEY A. BASTIAN
CHIEF UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:    Mr. Michael Johnson
                      Attorney at Law
                      36 South State Street
                      Suite 1400
                      Salt Lake City, Utah 84111

```
 1  For the Plaintiffs (continuing):

 2                                  Mr. Bruce Medeiros
                                    Attorney at Law
 3                                  601 West Riverside Avenue
                                    Suite 1550
 4                                  Spokane, Washington 99201

 5  For the Defendants:

 6  Jody Easterday                  Mr. Daniel Steinberg
                                    Attorney at Law
 7                                  1499 SE Tech Center Place
                                    Suite 380
 8                                  Vancouver, Washington 98683

 9  Karen Easterday                 Ms. Ava L. Schoen
                                    Attorney at Law
10                                  888 SW Fifth Avenue
                                    Suite 1600
11                                  Portland, Oregon 97204-2099

12  Cody Easterday                  Mr. Steven F. Cade
                                    Attorney at Law
13                                  1000 SW Broadway
                                    Suite 1400
14                                  Portland, Oregon 97205

15

16

17

18

19

20  Official Court Reporter:        Ronelle F. Corbey, RPR, CRR, CCR
                                    Washington CCR No. 2968
21                                  United States District Courthouse
                                    P.O. Box 700
22                                  Spokane, Washington 99210
                                    (509) 458-5283
23

24
    Proceedings reported by mechanical stenography; transcript
25  produced by computer-aided transcription.
```

*MOTION HEARING - AUGUST 4, 2022*
*OPENING COMMENTS BY THE COURT*

1    (Court convened on August 4, 2022, at 1:29 p.m.)
2        THE COURTROOM DEPUTY:  We have *Rabo Agrifinance v.*
3  *Karen Easterday and Cody Easterday, Debby Easterday, and Jody*
4  *Easterday, et al.,* Case No. 4:21-CV-5066-SAB, time set for a
5  motion hearing.
6        On behalf of plaintiff, we have Michael Johnson and
7  Bruce Medeiros; and Michael Johnson will be taking lead.
8        And then on behalf of defendants, we have Daniel Steinberg,
9  Ava Schoen, and Steven Cade; and Daniel Steinberg will be taking
10 lead, however, the other counsel may make some comments.
11       Counsel, just as a reminder, when you are not addressing
12 the Court, if you can be sure to mute your microphones just to
13 help with the feedback.  Thank you
14       THE COURT:  All right. Well, good afternoon, Counsel.
15 This is Judge Bastian, and I have reviewed the pleadings and the
16 materials filed in conjunction with the defendants' motion for
17 partial summary judgment.
18       Let me make a few observations first, and then I'll let the
19 defendant argue their motion.  And we'll hear from, of course,
20 the plaintiff in reply.
21       This -- this doesn't sound very complicated, and so I'm
22 inclined to just grant 10 to 15 minutes per side to make their
23 argument.
24       Let me make a few observations.  Number one, it's apparent
25 to the Court and appears undisputed that the bank drafted these

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. STEINBERG*

4

1  loan documents.  If I'm wrong, you can point that out.
2      Number two -- I'm using my terminology.  I know it's not
3  necessarily the same as your terminology, but it appears that
4  the loan made by the bank in 2009 has been paid in full.
5      Number three, it appears to the Court that the loan
6  documents from 2020 -- that that loan document does not make
7  specific reference to Parcel A.
8      And, number four, the loan that was made by the bank in
9  2020 does not involve the same debtors as the loan that was made
10 in 2009.
11     Based on that, unless you can convince me I'm wrong, I'm
12 inclined to grant the motion for the defense.  So let's hear
13 from the defense.
14         MR. STEINBERG:  Thank you, your Honor.  I -- I -- I
15 tend to agree with you.  This isn't a very complicated case.
16 There are just a -- a couple of items at issue and in dispute.
17     I -- I think you've identified the key issues.  The only
18 things I would add -- and I'm not inclined to add too much more --
19 but I would point out, also, in the Declaration of Mr. Hayes
20 that was filed, there is a -- the 2009 Notice attached.  And
21 that's Docket No. 56.
22     And in that -- in his Declaration, he attaches the 2009
23 Credit Agreement or Note.  And it -- on Page 24 of the PDF,
24 Page 8 of the note, it has a cross-default provision.  And in
25 that cross-default provision -- and we pointed this out in our

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. JOHNSON*

5

1  reply but I think it's important to note that, in that case,
2  they identified that the loan shall be cross defaulted with the
3  following notes.  They specifically identify certain notes by
4  number and date and amount.  And those -- that is the type of
5  specificity that the bank is used to granting when it's
6  referring to other cross provisions with other documents, and
7  obviously that's not what happened in the 2020 loan.
8      I think the fact that your Honor identified correctly that
9  the same borrowers were not involved -- particularly that
10 Easterday Farms, which is one of the "yous" -- Y O U --
11 identified in that 2020 loan and defined on Page -- the first
12 page of the 2020 loan where they define the word "you" as both
13 of the borrowers, each of the borrowers.  I -- I think that
14 those -- those are dispositive items.
15     But beyond that, I think the matter is well briefed; and
16 I -- I -- we agree with your Honor's conclusions.
17          THE COURT:  All right.  Mr. Johnson?
18          MR. JOHNSON:  Thank you, your Honor.  I may take a
19 little more time, obviously, since you're -- you've told us
20 you're inclined to rule against us.
21     I guess the first question I would have is your Honor said
22 that you're inclined to grant the motion for the defense, and
23 I'm unclear what -- what that means in this sense.  I -- I
24 clearly understand that you're inclined to grant the motion
25 seeking declaratory relief and possibly a quiet title ruling

1  with respect to Parcel A.  They moved for summary judgment on
2  slander of title.  They didn't even brief it.  They didn't set
3  forth any elements of slander of title.  They didn't brief it.
4     They moved for summary judgment on contractual claims.
5  Those contractual claims, as the Court knows, one of the
6  required elements of a contract is damages.  There's nothing on
7  damages.
8     They're seeking rulings with respect to the 2008 mortgage
9  and Parcel B of the 2009 mortgage and certain UCC -- or, I'm
10 sorry, 2018 mortgage and various UCC filings all of which were
11 released prior to -- to Jody Easterday filing the counterclaim
12 and, moreover, all of which are properties that are not owned by
13 Jody Easterday but rather are owned by 3E Properties and the
14 Easterday Farms Produce Company.
15    As the Court knows, you have to assert your own rights.
16 You can't assert rights of third parties.  And, moreover, that's
17 exactly -- that's exactly what has happened.  As you may know,
18 we have a separate case that's filed by 3E and Easterday Farms
19 Produce Company dealing with their property.
20    So if what the Court is saying is you're inclined to grant
21 the motion with respect to Parcel A of the 2009 motion with
22 respect to, you know, whether the mortgage -- the 2009
23 mortgage -- Parcel A of the 2009 mortgage secures the unpaid
24 Vendor Finance Loan, that's one thing.
25    If -- if you're saying that you're granting their motion as

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. JOHNSON*

7

1  prayed, then that's quite another thing.  And so I guess I would
2  ask for clarification on that.
3       And I would just -- I -- you know, it sounds like the Court
4  has made up its mind.  The issue comes down to this, your
5  Honor --
6           THE COURT:  No, I haven't made up my mind.  I just
7  think it's good to focus attention --
8           MR. JOHNSON:  Yeah.
9           THE COURT:  -- otherwise we could be talking about
10 this for a long period of time.  I mean, to be honest with you,
11 it took a long time to get to where I'm at.  This is a pretty
12 good example of lawyers -- and particularly lawyers involved in
13 lending documents -- use way too many words to say very simple
14 things.
15          MR. JOHNSON:  Well, I can appreciate -- I can
16 appreciate that, your Honor.  So let me -- let me --
17          THE COURT:  I would -- I would suggest they start
18 thinking about drafting documents that say -- say what they mean
19 and mean what they say.
20      And, clearly, I think, the bank -- I mean, this is an
21 observation.  The bank used as many words as possible so that
22 they could, perhaps, down the line argue anything they wanted
23 to.
24      But, look, the 2009 loan document does not make -- excuse
25 me, the 2020 loan document does not make reference to the 2009

8

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. JOHNSON*

1  mortgage.  It's required to.
2         MR. JOHNSON:  Well, that's the --
3         THE COURT:  So if you think I'm wrong about that, tell
4  me why.
5         MR. JOHNSON:  Well, that's the -- you know, that
6  really is, I think, the nub of the dispute, your Honor.  So the
7  2009 mortgage says that there's --
8         THE COURT:  I know what it says.  Tell me -- tell me
9  why it refers to the 2009 document.  I know what it says.  I've
10 got the language right here in front of me.
11        MR. JOHNSON:  Well, it says (reading) shall recite
12 that it is to be secured by this mortgage.
13    And so if -- if your Honor's ruling is that any future debt
14 instrument must specifically identify, you know, the 2009
15 mortgage dated such and such and recorded such and such, then I
16 agree it doesn't say that.
17    But -- but the -- the Vendor Finance Loan says the
18 agreement shall be secured by any existing and future security
19 agreements, mortgages, deeds of trust, or other pledges of
20 collateral between RAF and you.
21    Cody Easterday is a mortgagor under the 2009 mortgage.
22 He's a party to the Vendor Finance Loan.  And even if -- even if
23 the 2009 mortgage -- Parcel A of the 2009 mortgage didn't secure
24 Jody's interest in the property, Cody is the exact same party.
25 He signed the mortgage.

9

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. JOHNSON*

1    THE COURT:  Well, let's quit talking about parties.
2 Let's talk about the language of the contract.
3    The 2009 contract -- whatever you want to call it -- has a
4 "provided-however" phrase, which you've conveniently overlooked.
5 I don't think I can conveniently overlook it.  And it says that
6 provided, however, that such additional loans are recited in
7 those loan documents.  And they weren't.  So --
8    MR. JOHNSON:  It says provided that it shall, quote,
9 "recite that it is to be secured by this mortgage," end quote.
10    THE COURT:  Right, and it's not.
11    MR. JOHNSON:  So the question is:  Does it have to --
12 does it have to specifically say this debt is secured by the
13 mortgage -- Washington Mortgage Security Interest, Fixture
14 Filing, and Financing Statement dated July -- or September 4th,
15 2009?  Or is it sufficient to say any existing mortgages you
16 granted secures this obligation?  That's the nub of the dispute.
17    THE COURT:  Right.
18    MR. JOHNSON:  And -- and if you think it needs to be
19 specific, then I respect that.
20    THE COURT:  Well, what do you think?  You're -- you're
21 the one loaning money to people, and you're not being very
22 specific.  It seems like your -- your client had the opportunity
23 to be very clear what they were doing.  They loaned some money
24 in 2020, and they didn't mention anything in terms of security.
25 They didn't even go back and mention the 2009 documents for

*MOTION HEARING - AUGUST 4, 2022*
*ARGUMENT BY MR. JOHNSON*

10

1 mortgage.

2     Instead, they used language "if any," which means "We have 3 no idea, but we don't care.  Here's the money."  That's the way 4 the Court looks at it.

5     MR. JOHNSON:  That's -- but that's common lending 6 practice, I mean, to try to tie up as much as you can tie up. 7 And I'll -- you know, Mr. Steinberg mentioned the -- the note 8 and said -- and said, "Well, look, I mean, there's -- 9 there's --"

10     THE COURT:  Whether it's common mortgage practice or 11 not is not an issue of fact I'm being asked to decide nor is it 12 an issue of fact that's on the record.

13     What I have on the record is language in 2009 that says 14 Parcel A will be security for future loans if the future loan 15 documents say that.

16     MR. JOHNSON:  Correct.

17     THE COURT:  2020 doesn't say that.  So --

18     MR. JOHNSON:  And that's -- that's the dispute.  We 19 think it does, but --

20     THE COURT:  Yeah.

21     MR. JOHNSON:  -- but you're the judge.  Right?  So --

22     THE COURT:  I know.  So --

23     MR. JOHNSON:  That's -- that's why you --

24     THE COURT:  So let's move on.  So I guess you have 25 some other issues.  What does that mean?  What does that mean to

11

*MOTION HEARING - AUGUST 4, 2022*
*COURT'S ORAL DECISION*
*FURTHER COMMENT BY MR. JOHNSON*

1  the bank?  Where do we go from here?

2         MR. JOHNSON:  I'm -- I'm sorry, your Honor?  Well --
3  well, my -- my issue was you said you --

4         THE COURT:  You're -- you're not giving me anything
5  new.  I guess I -- I read everything, and that's my initial
6  conclusion.  I'm not hearing anything new from the bank that my
7  conclusion is wrong other than you disagree.  I know you
8  disagree.

9         MR. JOHNSON:  Yeah.

10        THE COURT:  That's why we have this hearing, but I'm
11 not hearing anything new nor am I hearing that I'm wrong for
12 some reason that I've overlooked.  So I think I'm pretty close
13 to concluding that that's the ruling.  So where does that take
14 us?  Where --

15        MR. JOHNSON:  Well --

16        THE COURT:  Where are we left?

17        MR. JOHNSON:  -- you know, we -- we briefed it.  We've
18 argued.  I've made my arguments here.  I don't know that I have
19 anything more to add on that issue.

20        THE COURT:  Okay. All right. Well, then, that's --
21 that will be the Court's ruling is that the 2020 document does
22 not make reference to Parcel A as the 2009 documents
23 contemplated; and so Parcel A is not security to the 2009 loan.

24     So where does that leave us?  Where do we go from here?

25        MR. JOHNSON:  Then that gets into my first point --

*MOTION HEARING - AUGUST 4, 2022*
*FURTHER COMMENT BY MR. STEINBERG*

12

1  MR. STEINBERG: If I could --
2  MR. JOHNSON: -- my first point, your Honor, which
3 is -- is, okay, you know, that takes care of the declaratory
4 relief claim as it relates to Parcel A and probably the quiet
5 title issue as it relates to Parcel A. They asked for a lot
6 broader relief than that and -- including, damages, you know,
7 findings of breach of contract, findings of slander of title.
8 They didn't even brief a lot of that let alone make a showing
9 sufficient to get summary judgment.
10 So I -- I think that that's where we ought to leave it.
11  THE COURT: Yeah, I agree. I don't --
12  MR. STEINBERG: Mr. -- your --
13  THE COURT: I don't have that evidence to go that far.
14  MR. STEINBERG: Can I point out that there's just a
15 small error here. We only moved for summary judgment on our
16 first, third --
17  UNIDENTIFIED SPEAKER: Second.
18  MR. STEINBERG: First, second, and fifth claim of
19 counterclaims. And the one that matters there the most is the
20 failure to acknowledge the satisfaction of mortgage under the
21 state statute.
22 And pursuant to that statute, which is RCW 61.16.030 -- and
23 it's briefed in -- in our motion and our reply -- it allows
24 that, if after 60 days of such request or demand, the -- it has --
25 the mortgagee has not acknowledged satisfaction, it shall pay

13

*MOTION HEARING - AUGUST 4, 2022*
*FURTHER COMMENT BY MR. STEINBERG*

1  damages -- which, again, we've conceded throughout our motion.
2  That's why it's only partial -- motion for partial summary
3  judgment that we're not arguing damages here.
4      But the more important thing is:  ... and a reasonable
5  attorneys' fees, and the Court, when convinced that said
6  mortgage has been fully satisfied, shall issue an order in
7  writing, directing the auditor to immediately record the order.
8      So that's -- that's what we are looking for today is that
9  order that we can take and file with the county records to clear
10 up title of the property so we can use it for financing.
11     Damages are -- remain an issue to be taken to trial.
12         MR. JOHNSON:  And with respect --
13         THE COURT:  Right.  And I would have to agree with
14 Mr. Johnson.  It sounds like, Mr. Steinberg, you do, as well,
15 that issues of damages have not been proven.  It's not really on
16 the table today.
17     Issue of attorneys' fees has not been proven.  It's not
18 really on the table today.
19         MR. STEINBERG:  Right.
20         THE COURT:  All right. That's -- I, perhaps, should
21 have been more clear about that, Mr. Johnson.  I apologize.  So
22 we'll go back to you.
23         MR. JOHNSON:  And -- and I would submit that the --
24 the issue regarding whether RCW 61.16.20 and 30 is not on the
25 table either.  I mean, we -- you know, we briefed that so, you

1 know, technically it's fair game. But the fact of the matter is
2 Jody Easterday never made a demand. 3E Properties did.
3 Easterday Farms Properties did, and they've sued us in the other
4 case.
5         But there's a whole bunch of disputed issues of fact with
6 respect to the statutory claim they're trying to assert, as
7 well.
8             THE COURT: Yeah, Mr. Johnson, that's fair game, too.
9 I think I should have been more clear in my observations. I
10 think the principal issue here is the relationship of the -- of
11 Parcel A to the 2020 -- yeah, 2020 loan. And I think that's
12 what was on my mind. I think there's a lot of other issues that
13 need to be resolved, and they're not really at issue to be
14 resolved today.
15         So if I got you down the wrong path, I do apologize for
16 that; but I did see that as the -- and I see that as the
17 principal issue for decision today.
18         So it sounds like, other than disagreeing with my
19 conclusion, we're in agreement that we're done. I'll get an
20 order out that Parcel A does not secure the 2020 loan based on
21 the bank's language, and I guess it will be up to all the
22 parties to keep moving this case forward to whatever resolution
23 you think needs to be.
24         So, Mr. Steinberg, you indicated you want an order to the
25 auditor. If you think an order is necessary -- I'm not saying

1  it is or isn't -- you can submit a draft order if you haven't
2  already done that.  If you have, we'll find it.  But if you
3  haven't, just submit that; and we'll take a look at it.
4          MR. STEINBERG:  I will.  Thank you, your Honor.
5          THE COURT:  But, obviously, Mr. Johnson and his team
6  should look at that; and they might disagree.  But if they do
7  disagree to let me know.
8          MR. JOHNSON:  Thank you, your Honor.
9          THE COURT:  All right.
10         MR. STEINBERG:  Thank you, your Honor.
11         THE COURT:  Other than that, you weren't --  you
12 weren't seeking more from this motion, Mr. Steinberg.  I had
13 that in mind, but I think I might have mislead Mr. Johnson.  So
14 I want to make sure I understand what you're seeking.
15         MR. STEINBERG:  Yeah.  No, that -- I think you
16 addressed the issues that I -- I think were in play by our
17 motion.
18         THE COURT:  All right. So, Mr. Johnson, I apologize;
19 but we kind of interrupted your presentation so I will go back
20 to you and let you finish.
21         MR. JOHNSON:  I -- I think we're done, your Honor,
22 with your clarification.
23         THE COURT:  Okay.
24         MR. JOHNSON:  It sounds like you're going to enter an
25 order finding that the 2009 mortgage did not -- Parcel A to the

1  2009 mortgage did not secure the 2020 debt; therefore, the
2  mortgage should be removed from the property.  And that's
3  basically it.
4           THE COURT:  That's as far as I was prepared to go
5  today, and that's as far as I will go today.  So, yes.  Okay.
6           MR. JOHNSON:  I have nothing further then, your Honor.
7           MR. STEINBERG:  Thank you, your Honor.
8           THE COURT:  Okay.  Well, thank you.  Thank you for
9  your time.  Court's in recess.
10      (Court adjourned at 1:48 p.m.)

**GENERAL INDEX**

                                                  **PAGE**

Opening Comments by the Court........................ 3

Argument by Mr. Steinberg............................ 4

Argument by Mr. Johnson.............................. 5

Court's Oral Decision............................... 11

Further Comment by Mr. Johnson...................... 11

Further Comment by Mr. Steinberg.................... 12

Clarification by the Court.......................... 14

Reporter's Certificate.............................. 18

**WITNESS INDEX**

**PLAINTIFF WITNESSES:**                                              **PAGE**

None

**DEFENDANT WITNESSES**                                               **PAGE**

None

**EXHIBIT INDEX**

**NO.**   **DESCRIPTION**                                             **ADMITTED**

     None

C E R T I F I C A T E

I, RONELLE F. CORBEY, do hereby certify:

That I am an Official Court Reporter for the United States District Court for the Eastern District of Washington in Spokane, Washington;

That the foregoing proceedings were taken on the date and at the time and place as shown on the first page hereto; and

That the foregoing proceedings are a full, true and accurate transcription of the requested proceedings, duly transcribed by me or under my direction.

I do further certify that I am not a relative of, employee of, or counsel for any of said parties, or otherwise interested in the event of said proceedings.

DATED this 16th day of August, 2022.

_____
RONELLE F. CORBEY, RPR, CRR, CCR
Washington CCR No. 2968
Official Court Reporter for the
U.S. District Court for the
Eastern District of Washington in
Spokane County, Washington