Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

Michael R. Johnson (Admitted *Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Email: mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, RICHLAND DIVISION

| | |
|---|---|
| RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc., <br><br> Plaintiff / Counterclaim-Defendant, <br><br> v. <br><br> KAREN EASTERDAY, as an individual, as the personal representative of the estate of Gale Easterday, deceased, and the marital community of Karen Easterday and Gale Easterday; CODY EASTERDAY and DEBBY EASTERDAY, individually and the marital community thereof; and JODY EASTERDAY, individually and the marital community of Jody Easterday and Andrew H. Wills, <br><br> Defendants / Counterclaim-Plaintiffs. | Civil Case No. 21-CV-05066 <br><br> RABO AGRIFINANCE LLC'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE <br><br> (IN REPLY TO KAREN EASTERDAY'S OPPOSITION) |

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition)

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby submits its Reply Statement of Material Facts Not in Dispute. This statement is in response to *Karen Easterday's (I) Statement of Disputed Material Facts in Response to Rabo AgriFinance LLC's Statement of Material Facts*, ECF No. 79.[1]

## RESPONSE TO KAREN EASTERDAY'S STATEMENT OF DISPUTED MATERIAL FACTS

Rabo set forth thirty-one (31) statements of fact that it contends were undisputed in support of its motion for partial summary judgment against the Defendants. *See* ECF No. 68. Karen responded to those fact statements as follows:

1. In response to Statements of Fact Nos. 1, 2, 3, 4, 5 and 16, Karen asserts they are moot and no response is required. While Rabo acknowledges that subsequent to the filing of Rabo's Motion for Summary Judgment (ECF No. 67), this Court ruled that Parcel A of the 2009 Mortgage did not secure the loan (the "**VF Loan**") that was made under the Vendor Financing Agreement (the "**VFA**") this ruling is not a final, non-appealable decision and Rabo retains its appeal rights.

---

[1] Karen has filed a statement of undisputed facts in support of her own cross-motion for summary judgment that is also contained in ECF No. 79. Rabo will respond to those statements when it files its opposition memorandum to Karen's cross-motion, which is due September 9, 2022.

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 1

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

As such these facts could become relevant and material in the future and Rabo is not waiving any rights in connection therewith.

2. In response to Statements of Fact Nos. 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, Karen does not dispute those statements.

3. Rabo responds as follows to the remaining Statements of Fact that Karen has disputed or has maintained should be stricken as follows:

A. Karen responds that paragraph 6 is moot and is conclusory, asserts a legal conclusion, lacks adequate foundation and therefore should be stricken. With respect to the first sentence of this paragraph, Rabo agrees that it is currently moot but incorporates by reference its mootness response as set forth above. With respect to the remainder of paragraph 6, it contains a quote from the 2009 Credit Agreement a copy of which is attached to the Declaration of Mike Hayes (the "**Hayes Decl.**"). Further, the testimony in paragraph 34 of the Hayes Decl. is supported by the 2009 Credit Agreement. Therefore, paragraph 6 is not objectionable and should not be stricken.

B. Karen responds that paragraph 7 is moot and is conclusory, asserts a legal conclusion, lacks adequate foundation and therefore should be stricken. With respect to this paragraph, Rabo agrees that it is currently moot but incorporates by reference its mootness response as set forth above. Rabo further

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 2

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

notes that this paragraph simply contains a partial quote from the 2009 Mortgage, which speaks for itself, and a copy of which is attached to the Hayes Decl. Further, the testimony in paragraph 35 of the Hayes Decl. is supported by the 2009 Mortgage. Therefore, paragraph 7 is not objectionable and should not be stricken.

      C.    Karen responds that paragraph 8 is moot and is conclusory, asserts a legal conclusion, and the document speaks for itself and therefore should be stricken. With respect to this paragraph, Rabo agrees that it is currently moot but incorporates by reference its mootness response as set forth above. Rabo further notes that this paragraph contains statements that are evidenced by the terms of the 2009 Mortgage and the 2009 Credit Agreement, which speaks for themselves, and copies of which are attached to the Hayes Decl. Further, the testimony in paragraph 37 of the Hayes Decl. is supported by the 2009 Mortgage and 2009 Credit Agreement. Therefore, paragraph 8 is not objectionable and should not be stricken.

      D.    Karen responds that paragraph 9 is moot and is conclusory, asserts a legal conclusion, and the document speaks for itself and therefore should be stricken. With respect to this paragraph, Rabo agrees that it is currently moot but incorporates by reference its mootness response as set forth above. Rabo further notes that this paragraph contains statements that are evidenced by the

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 3

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

terms of the 2009 Mortgage and the 2009 Credit Agreement, which speaks for themselves, and copies of which are attached to the Hayes Decl. Further, the testimony in paragraph 37 of the Hayes Decl. is supported by the 2009 Mortgage and 2009 Credit Agreement. Therefore, paragraph 9 is not objectionable and should not be stricken.

  E. Karen does not dispute paragraph 10 but states she is not a signatory to the VFA and thus cannot respond to the first and third sentences of paragraph 10 even though a review of the documents referenced provides supporting evidence of the statements. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Karen does not dispute the second sentence of this paragraph.

  F. Karen responds that paragraph 11 is moot and is conclusory, asserts a legal conclusion, and the document speaks for itself and therefore should be stricken. With respect to this paragraph, Rabo agrees that it is currently moot but incorporates by reference its mootness response as set forth above. Rabo further notes that this paragraph contains a statement that is evidenced by the terms of the VFA, which speaks for itself, and a copy of which is attached to the Hayes

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 4

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Decl. Further, the testimony in paragraph 40 of the Hayes Decl. is supported by the VFA. Therefore, paragraph 11 is not objectionable and should not be stricken.

      G.    Karen does not dispute paragraph 12 but states she is not a signatory to the VFA and thus cannot respond to this paragraph even though a review of that document provides supporting evidence of the statement. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law.

      H.    Karen states in response to paragraph 13 that she is not a signatory to the VFA and thus cannot respond to this paragraph even though a review of that document provides supporting evidence of the statement. Karen also responds that the statement asserts a legal conclusion, the document speaks for itself and it should be stricken. Rabo states that this paragraph contains a statement that is evidenced by the terms of the VFA, which speaks for itself, and a copy of which is attached to the Hayes Decl. Further, the testimony in paragraph 42 of the Hayes Decl. is supported by the VFA. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 5

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

applicable law. Therefore, paragraph 13 is not objectionable and should not be stricken.

   I. Karen states in response to paragraph 14 that she is not a signatory to the VFA and thus cannot respond to this paragraph even though a review of that document provides supporting evidence for the statement. Karen also responds that paragraph 14 asserts a legal conclusion, and the document speaks for itself and therefore should be stricken. Rabo states that this paragraph contains a statement that is evidenced by the terms of the VFA, which speaks for itself, and a copy of which is attached to the Hayes Decl. Further, the testimony in paragraph 43 of the Hayes Decl. is supported by the VFA. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 14 is not objectionable and should not be stricken.

   J. Karen states in response to paragraph 15 that she is not a signatory to the VFA and thus cannot respond to this paragraph even though a review of that document provides supporting evidence of the statement. Karen also responds that paragraph 15 asserts a legal conclusion, and the document speaks for itself and therefore should be stricken. Rabo states that this paragraph

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 6

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

contains a statement that is evidenced by the terms of the VFA, which speaks for itself, and a copy of which is attached to the Hayes Decl. Further, the testimony in paragraph 44 of the Hayes Decl. is supported by the VFA. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 15 is not objectionable and should not be stricken.

        K.    Karen does not dispute the statement in paragraph 17 that Gale Easterday passed away. Karen states in response to the remainder of paragraph 17 that she is not a signatory to the VFA and thus cannot respond to this paragraph even though a review of that document, along with the 2009 Credit Agreement provides supporting evidence of the statements. Karen also responds that paragraph 17 asserts a legal conclusion, the documents speak for themselves and should be stricken. Rabo states that this paragraph contains statements that are evidenced by the terms of the VFA and the 2009 Credit Agreement, which speak for themselves, and copies of which are attached to the Hayes Decl. Further, the testimony in paragraphs 23 and 46 of the Hayes Decl. is supported by the VFA and the 2009 Credit Agreement. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 7

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 17 is not objectionable and should not be stricken.

L.    Karen does not dispute the statement in paragraph 18 that Easterday Farms filed for bankruptcy on February 18, 2021 and was a Washington general partnership. With respect to the remainder of paragraph 18, Karen responds that they are legal conclusions and should be stricken. Rabo states that this paragraph contains statements that are evidenced by the terms of the VFA and public documents in the Easterday Farm's bankruptcy case, which speak for themselves, and a copy of the VFA is attached to the Hayes Decl. and the other documents referenced in paragraph 18 are public filings in the Easterday Farms bankruptcy case. Further, the testimony in paragraph 47 of the Hayes Decl. is supported by the VFA and the public bankruptcy documents. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 18 is not objectionable and should not be stricken.

M.    Karen disputes paragraph 19 because she asserts it is a legal conclusion and because it is legally incorrect. Rabo states that this paragraph contains a statement that is evidenced by the terms of the VFA, which speaks for

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 8

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

itself, and a copy of which is attached to the Hayes Decl. and the VFA provides that default interest accrues at the rate of 21% per annum. The remainder of paragraph 19 simply states the amount due and owing on the VF Loan as of February 8, 2021 and then includes the mathematical calculation of the unpaid contract interest and the unpaid default interest after that date. Further, the testimony in paragraphs 48 and 49 of the Hayes Decl. is supported by the VFA. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 19 is not objectionable and should not be stricken.

      N.    Karen disputes paragraph 20 because she states it asserts the incorrect default interest rate. However, the VFA specifically states that the default rate of interest is 21% and the remaining portion of paragraph 20 contain mathematical calculations. Further, the testimony in paragraphs 50 of the Hayes Decl. is supported by the VFA. Rabo also notes that Karen is a general partner of Easterday Farms, which is a signatory to the document, and she is chargeable with knowledge of Easterday Farms' contracts and obligations under applicable law. Therefore, paragraph 20 is not objectionable.

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 9

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

DATED this 2nd day of September, 2022.

    DAVIDSON BACKMAN MEDEIROS PLLC

    */s/ Bruce K. Medeiros*
    Bruce K. Medeiros, WSBA No. 16380
    601 West Riverside Avenue, Suite 1550
    Spokane, Washington  99201
    Telephone:  (509) 624-4600
    Email:  bmedeiros@dbm-law.net

-and-

    RAY QUINNEY & NEBEKER P.C.

    Michael R. Johnson (*Admitted Pro Hac Vice*)
    36 South State Street, Suite 1400
    Salt Lake City, Utah 84111
    Telephone:  (801) 532-1500
    Email:  mjohnson@rqn.com

    *Attorneys for Rabo AgriFinance LLC*

Statement of Facts Not in Dispute
(in Reply to Karen's Opposition) - 10

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600