Case 4:21-cv-05066-SAB    ECF No. 113    filed 10/11/22    PageID.2266    Page 1 of 8

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc., <br><br> Plaintiff, <br><br> v. <br><br> KAREN EASTERDAY, both individually and as personal representative of the Estate of Gale Easterday, deceased; CODY EASTERDAY, an individual and the spouse of Debby Easterday; DEBBY EASTERDAY, an individual and the spouse of Codey Easterday; and JODY EASTERDAY, individual, <br><br> Defendants. | NO. 4:21-CV-05066-SAB <br><br><br> **ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 67; Defendant Karen Easterday's Cross-Motion for Summary Judgment, ECF No. 78, and Debby and Cody Easterday's Cross-Motion for Summary Judgment,

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 1

ECF No. 81. The motions were heard without oral argument.[1] Plaintiff is represented by Bruce Medeiros and Michael Johnson. Defendant Karen Easterday is represented by Ava Schoen,

Plaintiff Rabo Agrifinance brought this action seeking contract and general partner liability against Defendants Karen Easterday, and Cody and Debby Easterday and also sought judicial foreclosure on Parcel A, the onion shed. The Court granted Defendant Jody Easterday's Motion for Summary Judgment regarding the later claim, finding that Parcel A did not secure the loan in question. ECF No. 90.

In its first cause of action, Plaintiff asserts Defendants are liable for the VF Loan because they are the general partners of Easterday Farms. Plaintiff now moves for summary judgment against Defendants on this claim. Defendants filed oppositions to the motion, and also brought motions for summary judgment on cross-claims.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

---

[1] Pursuant to LR 7.1(i)(3)(B)(iii), the Court has determined that oral argument is not warranted.

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 2

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Facts**

The facts are largely undisputed. In March 2020, Defendant Cody Easterday and the non-Defendant Easterday Farms jointly and severally entered in a QuickLine Credit Application and Account Agreement (VF Loan) to obtain financing from Plaintiff for certain purchases from vendor J.R. Simplot.

The VF Credit Agreement provides that prior to default, the unpaid principal owed on the VF Loan accrues interest at the contract rate.[2] It further provides that, upon default, the unpaid principal owed on the VF Loan will accrue default interest at the rate of twenty-one percent (21%) per annum and that

---

[2]The Contract provides that the unpaid principal owed on the VF Loan will accrue interest at the rate applicable to any Special promotion or, for advances for which a Special Promotion does not apply, "at the non-default annual rate equal to ten percent (10.00%) in excess of the Prime Rate (the "Standard Rate") which rate will be adjusted as of each day of change thereof to reflect changes in the Prime Rate.

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 3

Plaintiff is entitled to collect "all costs of collection" including "reasonable attorney fees, together with interest at the default rate" if there is a default of the VF Loan.

The VF Credit Agreement defines default as:

> Default: You understand that you will be in default of this Agreement if any one or more of the following events occur: (1) you fail to make payment of the amount due on the Maturity Date; 2) you fail to keep any other promise under this Agreement or any other loan document, with RAF; 3) you are in default pursuant to the terms of any other loan or loan document you have with RAF; 4) any other creditor of yours attempts to collect the debt you owe them through court proceedings; 5) you die; 6) you file for bankruptcy; 7) you do or fail to do something which causes RAF to reasonably believe you will not be able to satisfy your obligations you owe to RAF.

> Collection Costs: . . . To the extent not prohibited by law you also agree that you will pay all costs of collections, whether secure or not, including reasonable attorney fees, together with interest at the default rate if you do not timely pay your obligations to RAF.

The VF Credit Agreement defines the words "you, your, and yours" to mean "each person and/or entity who applies for and is granted credit pursuant to this Agreement." The Loan matured on March 10, 2021.

Easterday Farms is a Washington general partnership. The general partners of Easterday Farms are the Defendants—the estate of Gale Easterday, Karen Easterday, Cody Easterday and Debby Easterday. On February 8, 2021, Easterday Farms filed for bankruptcy protection. On July 26, 2022, the Bankruptcy Court entered an Order Confirming *Third Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms*. The Plan became effective on August 1, 2022.

While the Plan provided Debtor's Releases and Third-Party Releases, it recognized that Plaintiff was not releasing any claims:

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 4

notwithstanding anything to the contrary in the Plan or the Court's Confirmation Order, Rabo is not a releasing Party under the Plan and is deemed to have opted out of the 3rd Party Releases. As a result, Rabo and the Easterday Family Released Parties reserve, with respect to each other, all rights, claims, actions and defenses thereto, in law, equity, contract, tort, or otherwise (including under Washington State partnership law, bankruptcy law, and the Plan, including, but not limited to, Section 10.1 and 10.4 of the Plan) and nothing contained in the Plan or Confirmation Order shall alter, modify, prejudice, or otherwise limit such rights, claims, and defenses thereto. Additionally, nothing in the Plan or this Confirmation Order shall cancel or otherwise modify Rabo's Loans, and Rabo retains its right (if any) to pursue such non-Debtors and (their separate assets) under the Rabo Loan Documents or under any applicable law.

It is the Court's understanding that Plaintiff is scheduled to receive 100% recovery on the VF Loan from the bankruptcy proceedings. Because the default rule in bankruptcy law is that interest ceases to accrue on a claim once a debtor has filed for bankruptcy, *see In re PG&E Corp.*, 46 F.3d 1047, 1053 (9th Cir. 2022), the question before this Court is whether Plaintiff is entitled to seek default interest, collection costs and reasonable attorneys' fees from the general partners of Easterday Farms and from Cody Easterday individually.

## Applicable Law

Courts have recognized the "complex and often tortuous interaction between the Bankruptcy Code, state partnership law, and a general partnership agreement entered in pursuant to such law." *See In re Cutler*, 165 B.R. 275, 276 (Bankr. D. Ariz. 1994). State partnership law is not superseded by federal bankruptcy law. *Finkelstein v. Security Properties, Inc.*, 76 Wash. App. 733, 734 (1995).

Wash. Rev. Code § 25.05.125 provides:

(1) Except as otherwise provided in subsections (2), (3), and (4) of this section, all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 5

claimant or provided by law.

Wash. Rev. Code 25.05.130 provides in part:

> (4) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless the partner is personally liable for the claim under RCW 25.05.125, and:
> 
>     (b) The partnership is a debtor in bankruptcy;

Wash. Rev. Code § 25.05.170 provides:

> (1) A partnership may maintain an action against a partner for a breach of the partnership agreement, or for the violation of a duty to the partnership, causing harm to the partnership.

## Analysis

Defendant Karen Easterday argues that Plaintiff, like other unsecured creditors of Easterday Farms, cannot recover against Karen Easterday as a general partner because such claims belonged to Easterday Farms' bankruptcy estate and these claims were settled and released by Easterday Farms in its *Third Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* (the "Plan"). The Court disagrees.

Wash. Rev. Code § 25.05.170 limits the causes of action a partnership can assert against a general partner. Notably, it does not authorize a partnership to bring an action against a partner for contribution. Simply put, a Washington partnership does not have a statutory cause of action against its general partners for contribution.

On the other hand, the law does not permit Plaintiff to obtain the remaining interest due, collection fees and attorneys' fees from the general partners of Easterday Farm. Wash. Rev. Code § 25.05.130 permits a judgment creditor to levy execution of the judgment against the assets of the general partner if the partnership files for bankruptcy. Here, Plaintiff was not a judgment creditor and

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 6

did not obtain a judgment against Easterday Farms prior to the Farms filing for bankruptcy so § 25.05.130 does not come into play. While § 25.05.125 provides that the general partners are jointly and severally liable for the obligations of the partnership, the Farm's obligations in this case have been reduced in the bankruptcy proceedings. Because Plaintiff will receive the obligation owed by the partnership, it is not permitted to recover against the assets of the general partners.

However, while Defendant Cody Easterday is not responsible for the alleged interest, collection fees and attorneys' fees based on his status as a general partner, the same is not true based on his status as a co-signer of the VF Agreement. The Court does not find his arguments to the contrary well-taken. Rather, there is no legal basis to reduce the default interest rate set forth in the VF Agreement or prevent Plaintiff from recovering its collection fees and attorneys' fees from Defendant Cody Easterday individually. As such, Defendant Cody Easterday is individually liable for the amounts owed on the VF Loan, subject to a setoff for the amount Plaintiff is paid in the bankruptcy proceedings. The Court finds, however, that contrary to Plaintiff's assertions and calculation, the VF Loan went into default status the day that Easterday Farms filed for bankruptcy protections.

//
//
//
//
//
//
//
//
//
//

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT ~ 7**

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 67, is **GRANTED**, in part, and **DENIED,** in part.

2. Defendant Karen Easterday's Cross-Motion for Summary Judgment, ECF No. 78, is **GRANTED**.

3. Defendant Debby and Cody Easterday's Cross-Motion for Summary Judgment, ECF No. 81, is **GRANTED**, in part, and **DENIED**, in part.

4. Within 10 days from the date of this Order, Plaintiff is directed to submit a proposed judgment.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 11th day of October 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT** ~ 8