Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

Michael R. Johnson (Admitted *Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Email: mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, RICHLAND DIVISION

| | |
|---|---|
| RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc.,<br><br>      Plaintiff / Counterclaim-Defendant,<br><br>  v.<br><br>KAREN EASTERDAY, as an individual, as the personal representative of the estate of Gale Easterday, deceased, and the marital community of Karen Easterday and Gale Easterday; CODY EASTERDAY and DEBBY EASTERDAY, individually and the marital community thereof; and JODY EASTERDAY, individually and the marital community of Jody Easterday and Andrew H. Wills,<br><br>      Defendants / Counterclaim-Plaintiffs. | **Civil Case No. 21-CV-05066**<br><br>RESPONSE TO DEFENDANTS' STATEMENT REGARDING FORM OF JUDGMENT |

Response to Statement re: Judgment

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby submit this Response to "*Defendants' Statement Regarding Form of Judgment*" (ECF No. 124) ("**Statement**").  Rabo's understanding of the procedure regarding the submission of a form of judgment on the Court's October 11, 2022 "*Order Re: Pending Motions for Summary Judgment*" (ECF No. 113) (the "**Order**") was that the parties would file their proposed judgment forms and the Court would then notify the parties if any briefing, or a hearing with oral argument, were necessary to determine which of the opposing forms of judgment the Court would enter or whether the Court would prepare its own form of judgment.  However, Defendants Cody and Debby Easterday, took it upon themselves to file a "brief statement … intended to aid the Court and illuminate the remaining disputes between the parties."  *See* Statement, p.1.  Therefore, Rabo is filing this Response so that the Court has the opportunity to understand the views of all parties regarding the forms of judgment submitted.

I. **RABO'S LANGUAGE CONCERNING INTEREST IS APPROPRIATE AND SHOULD NOT BE CHANGED.**

Cody and Debby spend the first part of their Statement addressing an issue that is not even ripe.  Specifically, they claim that Rabo's proposed form of judgment provides for post-judgment interest at a rate other than the Federal Judgment Rate, and they ask the Court to include language stating that Rabo is

Response to Statement re: Judgment - 1

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

only entitled to default interest "from February 7, 2021 until the entry of this judgment ($572.877 per day) and with post-judgment interest thereafter in accordance with 28 U.S.C. § 1961." *See* Defendant proposed "*Final Judgment on all Claims in a Civil Action*" ¶3 (ECF No. 125)("**Defendants' Judgment**").

But Rabo's proposed language does not address the post-judgment interest rate one way or the other. It simply provides that Rabo is entitled to a money judgment against Cody in the amount of $995,715.33, plus non-default contractual interest thereon from February 7, 2021 in the amount of $44,224.74 and "interest at the default rate of twenty-one percent (21%) per annum on the unpaid balance thereafter." See Rabo's proposed "*Partial Judgment on Certain Claims in a Civil Action*" ¶3 (ECF No. 123-1)("**Rabo's Judgment**"). Further, if Cody and Debby want to avoid the hypothetical and currently unripe question of whether the post-judgment interest rate should be 21% per annum or the rate established by 28 U.S.C. § 1961 once final judgment is actually entered there is a simple remedy—pay Rabo its money. Thus far, however, neither Cody nor Easterday Farms has paid Rabo a single penny on its claim. Rather, the entire obligation remains currently due and owing.

That said, if the Court wants to entertain Cody and Debby's request for an advisory opinion on the appropriate post-judgment interest rate once a final

Response to Statement re: Judgment - 2

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

judgment is entered then the Court should find that the post-judgment rate will be 21% per annum, consistent with the contract Cody signed agreeing to pay that rate of interest on default and with Ninth Circuit law. The language of the Vendor Finance Agreement (the "**VFA**") on this issue, which Cody and Debby fail to cite to the Court, expressly provides as follows as it relates to the payment of default interest: "Any interest or principal hereof which is not paid by the Maturity Date or subsequent to any other event of default shall bear interest until such amounts are paid in full at the rate of twenty-one percent (21%) per year." *See* section titled "Interest Rate" in Exhibit B to "*Amended Complaint for Judicial Foreclosure of Mortgages, and for Money Judgment Based on RCW 25.05.125*" (ECF No. 32-2)

Cody and Debby contend that the "Second, Fifth and Tenth Circuits have expressly held that language simply requiring interest 'until paid' is insufficient to waive the Federal statute." *See* Statement at p.3. But even if that is true the relevant law here is the law of the Ninth Circuit, not the law of any other circuit. And in the Ninth Circuit, the result is different where, as here, there is a contractually agreed upon interest rate that applies once default occurs. In *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097 (9th Cir. 1988), the Ninth Circuit affirmed a judgment awarding post-judgment interest greater than that provided in 28 U.S.C. § 1961 because: 1) the promissory note at issue included

Response to Statement re: Judgment - 3

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

an agreed-upon interest rate upon a default; and 2) the parties had previously stipulated to an arbitration award establishing liability that included an interest rate at the rate specified in the note "after judgment until collected." *Id.* at 1108 (affirming "the district court's grant of post-judgment interest based upon the mutually agreed upon contract rate"). Numerous lower courts in the Ninth Circuit have interpreted *Smith* to allow the application of a contractual default rate of interest to post-judgment interest based solely on a default interest clause such as the clause appearing in the VFA that Cody signed. *See, e.g., Mission Produce, Inc. v. Organic Alliance Inc.*, 2016 WL 1161988, at *11 (N.D. Cal. Mar. 24, 2016) ("Accordingly, the Court finds that Plaintiff here is entitled to an 18% annual rate for prejudgment and post-judgment interest, as calculated above."); *Abbate Family Farms Ltd. Part. v. GD Fresh Dist., Inc.*, 2012 WL 2160959, at *6 (E.D. Cal. Jun. 13, 2012) ("Although interest would normally accrue at the legal rate, because the invoices created a contract, the interest rate of 1.5% per month or 18% on unpaid accounts agreed to by the parties is the correct rate to apply."); *Best Western Intern., Inc. v. Richland Hotel Corp. GP, LLC*, 2012 WL 608016, at *11-12 (D. Ariz. Jan. 18, 2012) (awarding post-judgment interest at the rate of 18% per annum because "the parties here contractually agreed to an 1.5% monthly inters rate and, thus, waived § 1961's

Response to Statement re: Judgment - 4

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

application"); *Beaulieu Group LLC v. Inman*, 2011 WL 4971701, at *5 (D. Ariz. Oct. 19, 2011) ("[T]he parties here contractually agreed to an 18% annual interest rate and, thus, implicitly waived § 1961's application. Plaintiff is entitled to post-judgment interest on $106,898.25 at 18% per year, from the date of entry of judgment until it is paid."). The Court should follow these cases from other courts in the Ninth Circuit, and find that Cody's obligation to Rabo will bear interest at the rate of 21% per annum, both pre- and post-judgment, because Cody expressly agreed by contract to pay that interest rate to Rabo.

But even if the Court disagrees and elects to specifically reference 28 U.S.C. § 1961 in the document, it would be inappropriate to tie that rate to "the entry of this judgment" as Cody and Debby request, because "this judgment" is not a final judgment. As pointed out below, Cody and Debby are simply wrong in their contention that this case is now at its end other than liquidation of the amount of attorneys' fees and costs that the respective parties are entitled to recover. Among other things, there has never been <u>any ruling</u> by the Court which awards any of the Easterdays attorneys' fees. Unless and until a final judgment disposing of all claims against all parties is entered by the Court in the future, the appropriate rate of interest is clearly 21% per annum as set forth in the VFA irrespective of how the Court decides the post-judgment interest rate question.

Response to Statement re: Judgment - 5

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Finally, Cody and Debby's proposed per diem interest amount of $572.877 for pre-judgment interest is not accurate. Rabo acknowledges that its counsel provided that amount to counsel for Cody and Debby in error and Rabo is now correcting that error as set forth below. The unpaid principal balance is $995,713.55 and the VFA expressly provides that "All interest hereunder shall be calculated based on a year of 360 days and the actual number of days elapsed." Using a 360-day year to calculate default interest as required by the VFA instead of a 365-day year, the actual per diem interest amount on unpaid principal at the default rate is $580.833 and not $572.877. Further, as noted above, the VFA expressly provides for payment of default interest on both the unpaid principal balance of the debt <u>and</u> on the unpaid contractual interest that was due as of the date of default. The Court has found that the default occurred when Easterday Farms filed for bankruptcy, and as of the day prior to filing, February 7, 2021, $44,224.74 in contractual interest was owed. Pursuant to the VFA, from and after February 8, 2021, default interest accrues on both the principal balance and on unpaid contractual interest (which together total $1,039,938.29) at 21% per annum, with interest calculated on a 360-day year. Thus, the actual per diem amount of default interest owed, at least through the date of entry of a final judgment, is $606.630 ($1,039,938.29 x 21% = $218,387.04 / 360 = $606.630). Thus, even

Response to Statement re: Judgment - 6

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

assuming a "final judgment" were entered today, the difference between Cody and Debby's proposed pre-judgment default rate per diem amount ($572.877) and the actual per diem amount of $606.630 is $21,365.65 (633 days x $33.753 (the difference in rates)).[1]  Even if the Court agrees with Defendants and is going to adopt 28 U.S.C. § 1961 as establishing the post-judgment interest rate, the language proposed by Cody and Debby should be modified to read as follows (with suggested changes shown in italics):  "Judgment is entered in favor of Rabo against Defendant Cody Easterday in the principal amount of $995,715.33, plus non-default contractual interest thereon through February 7, 2021 in the amount of $44,224.74 and interest at the default rate of twenty-one percent (21%) per annum on the unpaid balance *and on the unpaid contractual default interest from February 8, 2021 until the entry of final judgment ($610.630 per day) and with post-judgment interest thereafter in accordance with 28 U.S.C. § 1961.*"

---

[1] Excluding attorneys' fees, Rabo calculates the amount currently owed by Cody at $1,423,936.86, consisting of unpaid principal in the amount of $995,715.33, plus non-default contractual interest to February 7, 2021 in the amount of $44,224.74, plus default interest thereafter through November 2, 2022 in the amount of $383,996.79.

Response to Statement re: Judgment - 7

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## II. THE ORDER DOES NOT GRANT RELIEF AS TO THE FORECLOSURE CLAIM AND THERE SHOULD BE NO REFERENCE TO IT IN THE JUDGMENT.

One of the major stumbling blocks in trying to agree upon the form of the judgment on the Order was Cody and Debby's insistence that the judgment form include language regarding Rabo's foreclosure claim. As was explained to counsel for Cody and Debby, the judgment form is for the claims ruled upon in the Order, not on claims resolved by the September 7, 2022 "*Order Granting Defendant's [Jody Easterday] Motion for Partial Summary Judgment*" (ECF No. 90) ("**Foreclosure Order**") and the September 20, 2022 "*Order Granting Stipulated Motion for Entry of Supplemental Order*" (ECF No. 100) ("**Supplemental Order**") that was entered at Defendants' request, which fully resolved Rabo's second claim for relief regarding foreclosure. In the Order, the Court specifically references the fact that it had already entered the Foreclosure Order resolving Rabo's foreclosure claim. (*See id*. at p.2 lines 7-9) On page 5 in lines 15-18 of the Order, the Court specifically identifies the question the Court is deciding and ruling upon. The Court states:

> [T]he question before this Court is whether Plaintiff is entitled to seek default interest, collection costs and reasonable attorneys' fees from the general partners of Easterday Farms and from Cody Easterday individual.

*Id*.

Response to Statement re: Judgment - 8

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

The Court clearly indicates that Rabo's foreclosure claim was previously resolved and that the Order is limited to the question of the liability of the general partners under RCW 25.05 *et seq.* and Cody's individual liability to Rabo. There is no language in the Order indicating that the Court is deciding anything having to do with Rabo's already resolved foreclosure claim. Therefore, it is clearly not appropriate for Defendants to include their paragraph 4, which is redundant given that the Foreclosure Order and the Supplemental Order entered fully resolved Rabo's second claim for relief regarding foreclosure. And there is no basis for Cody and/or Debby to shoehorn into this judgment references to foreclosure which were not addressed by the Court in the Order.

### III. RABO'S PROPOSED LANGUAGE IN PARAGRAPH 2 WAS TAKEN DIRECTLY FROM THE ORDER.

Cody and Debby object to the language in paragraph 2 of Rabo's Judgment, that they deleted in Defendant's Judgment regarding the Court's basis for its decision. The language in Rabo's Judgment, however, is taken directly from (or summarizes) the Court's language in the Order. Therefore, the language cannot be unnecessary and misleading since the Court included it in the Order to fully explain its decision. Further, Cody and Debby have failed to state any real prejudice that would result from the inclusion of the language they propose to delete from paragraph 2 of Rabo's Judgment.

Response to Statement re: Judgment - 9

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## IV. DEFENDANTS IMPROPERLY OVERREACH IN ADDING PARAGRAPHS 5 – 13 TO DEFENDANTS' JUDGMENT.

Paragraphs 5-13 in Defendants' Judgment should not be included in a judgment on the Order. On page 8 lines 8-9 of the Order the Court directed the Plaintiff to submit a proposed judgment on the Order. There is nothing in the Order that supports the inclusion of paragraphs 5-13 from Defendants' Judgment. Since the issues regarding Defendants' claim for attorney's fees have not been decided, the process to determine the form of judgment on the Order should not be used as a shortcut to decide those issues without further necessary deliberation. However, that is what the Defendants are trying to do by including paragraphs 5-13. While the Court has now resolved issues relating to Rabo's foreclosure claim, the general partners' liability to Rabo under RCW 25.05.125 and Cody's contractual liability to Rabo under the VFA, it has not resolved all issues in this case. For example, there is no reference in either the Order or the Foreclosure Order regarding the awarding of attorney's fees in favor of Defendants, and yet Defendants try to include that language. Whether there is a legal basis for Defendant's request for attorney's fees has not been decided nor has Defendants' entitlement to an award of attorney's fees if there is a basis for attorney fees to be awarded to Defendants. Rabo has raised factual and legal issues with Defendants' claims regarding attorney fees. In addition, Defendants reference their right to

Response to Statement re: Judgment - 10

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

attorney fees under the VFA. Defendants forget that Rabo pursued its claims against the general partners under RCW 25.05.125, a statute, and did not sue the general partners for breach of the VFA. There is simply no basis for the Defendants to make an attorney claim under the VFA as to the attorney fees incurred with respect to Rabo seeking judgment against the general partners under RCW 25.05.125. Again, the proper procedure would be for Defendants to either file a motion for reconsideration of prior orders to request determination on those attorney fee and interest rate issues if they were properly included in prior motions for summary judgment or to file a new summary judgment motion which sets forth the basis for their attorney fee claims, their right to receive an award of attorney fees under that claim and what the post-judgment interest rate should be. If it is determined that there is a legal basis for attorney fees and Defendants are entitled to attorney fees, the post judgment procedure for determining the amount of those attorney fees, which Defendants prematurely tried to address in "*Karen Easterday's Precautionary Motion to Extend Deadline to File Motion for Attorney Fees and Costs*" filed on September 21, 2022 (ECF No. 101) (the "**Motion for Extension**"), would be appropriate to determine the actual amount of fees Defendants are entitled to.

Response to Statement re: Judgment - 11

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Further, paragraph 5 of Defendants' Judgment does not relate to any relief that was requested relative to the relief granted by the Court in the Order. Jody did not respond to Rabo's motion for summary judgment nor did she file a counter motion for summary judgment for liability under RCW 25.05.125 because Rabo was not making a claim against Jody under that statute since she is not a general partner of Easterday Farms.

Paragraph 3 of Defendants' Judgment indicates that the Court has decided that the federal judgment rate of interest applies. That issue is addressed in Section I, supra, and has not been decided. In addition, Cody and Debby have added language which states that Cody is entitled to a set-off and a partial satisfaction against the money judgment awarded to Rabo in the amount Rabo "is scheduled or permitted to receive under the confirmed plan, from the Easterday Farms Bankruptcy." To date Rabo has received no funds from the Easterday Farms bankruptcy, and Rabo may never receive anything from the bankruptcy estate. In fact, it is unclear what the Easterday Farms' plan administrator's intent is as to any distribution to Rabo and whether an objection to Rabo's proof of claim may be filed or whether the plan administrator may withhold a distribution to Rabo for other reasons. If necessary, counsel for Rabo will file a declaration as to their communications with counsel for the plan administrator regarding the supposed

Response to Statement re: Judgment - 12

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

payment to Rabo and the plan administrator's pre-requites for distribution to Rabo to which Rabo cannot agree. Therefore, it is wholly inappropriate to include language in the form of judgment that gives Cody a credit for funds that Rabo has not and may not receive. While Rabo certainly agrees that any actual payments made by the plan administrator on the claim must be credited against the judgment against Cody, the language Cody and Debby request is wholly inappropriate and improper. Actual payment, not a theoretical possibility of a payment, must be the touchstone for any credit to Cody.

Paragraph 7 of Defendants' Judgment is incorrect, inappropriate and unnecessary. Rabo's rights against Cody are fully described in paragraph 3 of Rabo's Judgment which clearly indicates that the amount Rabo's attorneys' fees and collection costs as referenced in the Order are to be established by subsequent application and order. If Defendants have objections regarding the attorneys' fees which Rabo applies for, they can be raised at that time and language limiting those fees and costs prior to application should not be included in whichever form of judgment the Court enters. Moreover, there was nothing in the Order regarding the issue raised in paragraph 7 of Defendants' Judgment.

Paragraph 8, 9, 10, 11, and 12 of Defendants' Judgment relate to the award of attorney fees to all of the Defendants, which as stated above has not been

Response to Statement re: Judgment - 13

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

determined.  The language in Defendants' Judgment which attempts to resolve those issues is an improper overreach by Cody and Debby and is not based on any language contained in either the Order nor the Foreclosure Order and as such has not been determined by this Court.  Even if the claims for attorney's fees and the appropriate post-judgment interest rate were raised by Cody and Debby in previous summary judgment pleadings, the Court has not mentioned those issues in any of its orders to date, and Rabo should have a right to argue those undecided issues at a hearing after they are fully briefed.

Finally, the inclusion of paragraph 13 in Defendants' Judgment is also inappropriate.  This Court indicated in its Order denying the Motion for Extension that final judgment has not been entered in this matter (ECF No. 114).  Neither the Order nor the Foreclosure Order and the judgment relating thereto are, either individually or collectively, a final judgment in this case.  There is nothing in the Order that indicates that the judgment to be entered based on the Order was intended by the Court to be a final judgment.  If Defendants want to request that the Order, Foreclosure Order, and judgments associated there with become final, they must file a motion under F.R.C.P. 54(b) which would require the Court to expressly determine that there is no just reason for delay on the rulings it has made in the case thus far.  It is not appropriate for Defendants to simply include a

Response to Statement re: Judgment - 14

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

paragraph in Defendants' Judgment indicating that it is a final judgment without the Court having considered or determined that under the appropriate procedure.

Rabo understands the Defendants incentive in requesting that the judgment include relief which has not yet been addressed or granted. However, their incentive in doing so is not a proper basis for the Court to include such language in the judgment on the Order.

DATED this 3rd day of November, 2022.

                              DAVIDSON BACKMAN MEDEIROS PLLC

                               */s/ Bruce K. Medeiros*
                              Bruce K. Medeiros, WSBA No. 16380
                              601 West Riverside Avenue, Suite 1550
                              Spokane, Washington 99201
                              Telephone: (509) 624-4600
                              Email: bmedeiros@dbm-law.net

                -and-

                              RAY QUINNEY & NEBEKER P.C.

                              Michael R. Johnson (*Admitted Pro Hac Vice*)
                              36 South State Street, Suite 1400
                              Salt Lake City, Utah 84111
                              Telephone: (801) 532-1500
                              Email: mjohnson@rqn.com

                              *Attorneys for Rabo AgriFinance LLC*

Response to Statement re: Judgment - 15

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600